[Anderson & Shackleford v. Birmingham Mineral Railroad Co.]

among all the owners, it was not necessary for them to show that such sale would be to the interest of the owners.—*Coker v. Pitts*, 37 Ala. 692; *Fennell v. Tucker*, 49 Ala. 453, 459. Nor will the fact that inconvenience or injury will result, or mischief be entailed on the property, or that a division or sale may be embarrassed by difficulties, deprive such complainant of the right to demand a partition or a sale for division, as the case may require. Partition or sale is a matter of right.—*Gore v. Dickinson*, 98 Ala. 363. We concur with the Chancellor that the evidence shows the impracticability of partition in this case, and a consequent necessity for the sale prayed by the bill.

No exceptions were taken to the report of the sale as made by the Register, and the Chancellor did not err in confirming it, though the amount for which the land sold may have been disproportionate to its value.

The decree of Chancery Court must be affirmed.

# Anderson & Shackleford v. Birmingham Mineral Railroad Co.

*Action for Damages, for Killing Cattle by Railroad Train.*

*Injuries to cattle by passing railroad train; affirmative charge.*—In an action to recover damages for the killing of cattle by a passing railroad train, none of plaintiff's witnesses testified that they saw the killing, but their testimony showed that the train was running at its usual speed, and that the killing occurred on a fill, at a point from which the track runs straight a distance of 280 steps in the direction from which the train came; and the defendant's engineer testified that the engine was in good condition; that he was looking ahead; that when he first saw the cattle they were running out on the fill in front of the engine; that he could not see them sooner, and that they were so close that he could not possibly avoid killing them. *Held*, that there was no conflict in the evidence, and that it was proper to give the affirmative charge in favor of the defendant.

APPEAL from the Circuit Court of Bibb.
Tried before the Hon. JOHN MOORE.

BETHEA & WRIGHT, for appellants.

THOS. G. JONES, *contra.*

COLEMAN, J.—Appellants sued in case to recover damages for the killing of two oxen. After the evidence had closed, the court instructed the jury that, if they believed the evidence, their verdict should be the defendant. The giving of this charge is assigned as error. The rule is that when there is a conflict in the evidence on material facts, or when the facts are if such a character, if believed, as to admit of different conclusions, the affirmative charge should not be given. On the other hand, if the evidence is such that, if believed by the jury, only one inference is left open, it is not error for the court to instruct the jury affirmatively in accordance with such inference. We will test the instruction by this rule.

Neither of plaintiffs' witnesses testified that they saw the killing. Their evidence shows that the oxen were killed on a fill, that the track was straight for two hundred and eighty steps before reaching the spot where the collision with the oxen occurred, and that the right of way was open for this distance; that the train was running at its usual speed. This is plaintiffs' case. There is no testimony to show the width of the right of way. The statute povides that the right of way in condemnation proceedings shall not exceed one hundred feet; it may be less. We can not presume its width.—Code of 1886, § 1530. The evidence is that the oxen were killed on "a fill." We understand this to be an embankment. How high this "fill" or embankment is— whether one foot or twenty feet—we are not informed in the abstract. What kind of a train, whether freight or passenger, is not stated. We can not presume the usual speed of a train, merely from the statement contained in the abstract. The engineer testified "that he had been an engineer for thirteen years; that his engine was in good condition; that he was looking ahead; that, when he first saw the steers, they came running out on the fill, in front of the engine; that he could not see them sooner; that he was so close that he could not possibly avoid killing them; that he blew for brakes, but was too close to stop; that his train was a long

[Conrad v. Gray.]

train," &c. There were other facts, but those are the material facts upon the issue. We are of opinion that, if the evidence of the engineer was believed by the jury, their verdict should have been for the defendant. The inquiry then is, wherein does it conflict with the evidence of the plaintiffs? If the fill was only two or three feet high, there was nothing to prevent the oxen from running out on the fill, which we understand to be the meaning of the evidence of the engineer. The right of way may have been of such a width as that the steers, standing just outside, could have run upon the track in front, and so close, that it was impossible to stop a train, running at its usual speed, before striking them. All that the plaintiffs' witnesses testified to might be true, and all that the engineer testified to might also be true. If the jury believed everyting stated by each of the witnesses material to the issue, there was but one legitimate inference from the evidence. The conclusion of law from the facts, if believed, is declared in the case of *Alabama Great Southern R. v. McAlpine*, 80 Ala. 73, and *Alabama Great Southern R. Co. v. Moody*, 90 Ala. 46.

There is no error in the record.

Affirmed.