# Louisville & Nashville Railroad Co. v. Brinkerhoff & Co.

## *Action for Negligent Killing of Live Stock.*

1. *Res adjudicata.*—A judgment upon the title to property as between plaintiff and a third party is not conclusive between plaintiff and the defendant, who was not a party to such judgment.

2. *Special property will support action.*—A party who holds live stock under a claim bond pending the claim suit has a special property therein, which will sustain an action for its negligent killing, and plaintiff may show the sum paid to satisfy his obligation to return the property after condemnation, as evidence of damages.

3. *Error without injury.*—A party cannot complain at the ruling of the court on a question, when the answer of the witness is favorable to the objector, or the question is not answered.

4. *Immaterial issue.*—If the plaintiff joins issue on a plea presenting an immaterial issue, the defendant is entitled to introduce proof in support of the plea, and defeat a recovery, if proved.

5. *Opinion of witness.*—An engineer cannot give his opinion or conclusion of fact, that, if he were required to run his engine so slowly that he could stop within the limits in which he could, by aid of the headlight, see a horse on the track, "he would be unable to carry on the business of the company," or "would increase the cost of carrying passengers," or "would entail heavy loss on the company," although such matters are in issue.

6. *Common knowledge.*—The court and jury have common knowledge of the hour of sun-set on a given day. There is no occasion to introduce an almanac to show the hour.

7. *Misleading charge; burden of proof.*—A charge that the burden of proof is on the plaintiff to show a given fact, not necessary to a recovery, is misleading and properly refused.

8. *Sudden appearance on track.*—A charge instructing the jury that the defendant is not liable if the animal came suddenly upon the track so close to the train that the engineer could not stop in time to prevent the accident, is a correct statement of the law, and its refusal is error.

9. *Duty of engineer to see obstructions.*—A charge that plaintiff is entitled to recover, although the engineer did not see the animals, if, under the circumstances, he should have seen them in time to avoid the accident, is properly given.

APPEAL from Shelby Circuit Court.

Tried before Hon. GEORGE E. BREWER.

Appellee sued for damages for the negligent killing of a mare and a colt. The defendant pleaded not guilty, and a special plea as follows: "Comes the defendant and for answer to the complaint saith, that it is a common carrier engaged in the business of operating a railroad between Montgomery, Ala., and Decatur, Ala., and transporting passengers and freight for hire thereon and is also a link in connecting line between Louisville, Ky., and New Orleans, La., and also largely engaged in interstate commerce. That while so engaged in transporting passengers and freight from points in Alabama to points out of Alabama, it was running a train of three cars in the night time at the rate of forty miles per hour. That the engineer in charge of the locomotive drawing the said train was skillful and prudent and on the lookout, at the time the animals referred to in the complaint were killed. That defendant had on its engine the best obtainable mechanical appliance known as a head-light in order to light up the track in front of the locomotive. That said head-light was the best head-light in use on the best railroads in this country, and such as used by the most carefully conducted railroads in this country. That the same was in good order in all respects, and was the best practical head-light known to railroad art to light up the track. That by the aid of the head-light the engineer on the train could not see an object the size of a horse on the track in the night time over 75 yards ahead of him, and that the engineer being on the lookout was unable to see the horse by the aid of the head-light within the distance the head-light 'would light up the track in time to stop and thus prevent the collision by the appliance of the brakes and reversal of the engine and using all other means known to skillful engineers. That to enable the defendant to stop its train in the distance within which an engineer could see an animal ahead of a locomotive in the night time by the aid of the head-light would require defendant to run its passenger trains at a rate of speed not exceeding ten miles per hour. That the rate of speed at which the train was running at the time of the injury to the animal was safe in itself, and not dangerous to the passengers or property in its charge, and that to moder-

ate the speed so as to be able to stop in the distance in which a horse could be seen ahead of the engine by the aid of the head-light would compel defendant to run at a rate of ten miles per hour, which is four times less than the usual speed of passenger trains in this state and elsewhere, and would prevent the defendant from properly discharging its duties as a common carrier to the people of this state. Competition for interstate commerce and passengers, and that the increased cost occasioned by the delay of such a low rate of speed would also entail such heavy cost and loss of business as to bankrupt this defendant. Wherefore, defendant saith that the plaintiff's horse was killed without negligence on the part of defendant and by reason of an accident which proper care and skill on defendant's part could not have prevented."

The evidence for plaintiff tended to show that a mare and colt of plaintiff's was killed by defendant's locomotive about seven o'clock in the evening, Apr. 24, 1894; that tracks appearing to be horse tracks were found on the railroad track for about three hundred yards from where the mare was killed, and were not seen beyond that point; that the colt was found killed about one-half mile from the mare.

The evidence for defendant tended to show that the mare came on the track from the left hand side only a few yards from where she was found; that the engineer did not see either of them until they were falling off the pilot of the engine; that he was keeping a lookout; that the train was running 35 to 40 miles per hour.

Other evidence was admitted tending to support defendant's special plea above. The other facts, so far as deemed necessary to a proper understanding of the case, are stated in the opinion.

The court gave the following charge requested by the plaintiff in writing: "Although the jury may believe from the evidence that the engineer did not see the animals till they were falling from the pilot, still if they believe, that under the circumstances the engineer should have seen them in time to avoid the injury, then the jury should find for the plaintiff." The following charges requested in writing by defendant were refused: "1. If the jury believe the evidence, they must find for the defendant." "2. The court charges the jury that the

burden of showing that the tracks testified to were made by the mare and colt, or by the colt alone, at the time of the killing, is on the plaintiff." "3. The court charges the jury that, if on all the evidence they are in doubt as to what disturbed the ballast on the track of defendant's railroad, they must find for the defendant." "4. The court charges the jury that if they find from all the evidence that the animal did not go on the track between the rails before she was struck, and believe that the engineer was on the lookout for her, and that she came suddenly on the track from the left-hand side of the track, and that it was impossible for the engineer to stop the train, then they must find for the defendant." "5. If the jury believe from the evidence that the animals came suddenly from the left-hand side of the track and so close to the train that the engineer could not stop in time to prevent the accident, then they must find for the defendant."

THOS. G. JONES, for appellant.

(No counsel for appellee.)

McCLELLAN, J.—Of course, the judgment on the trial of right of property in the animals alleged to have been killed between Mrs. Gist and the present plaintiff is not conclusive against the latter's title in the case at bar, the defendant here not having been a party to the former controversy. The testimony of the plaintiff as a witness in this case tended to show that he had title to the animals at the time they were killed through Gist's surrender and delivery of them to him under and in satisfaction of the mortgage which the latter had executed upon them to secure payment of the purchase money. On this state of case, the affirmative charge requested by defendant on the idea that the evidence showed beyond controversy that plaintiff did not own the property was properly refused.

Plaintiff, moreover, had, while in possession of the animals under his forthcoming claim bond such special property in them as gave him a right to sue for their negligent destruction in consequence of which he was forced to pay their assessed value under the conditions of said bond; and that he had paid such value was

proper to be proved as showing his damages in this aspect of the case. His testimony that the debt of the plaintiffs in the attachment suit, to the satisfaction of which the property had been condemned in his hands had been paid, tended to show this damage, and it was properly admitted.

The question to witness J. M. Reynolds: "Was not that stock killed before the trial before the justice of the peace came off," i. e. the claim suit, was answered favorably to the defendant if the fact in that regard could have exerted any influence on the issue here; and hence appellant can take nothing by his exception to the question.

Defendant's special plea numbered 1 presented an entirely immaterial issue; but as plaintiff joined therein defendant was entitled to prove it and recover upon it if proved. The proposed testimony of the witness Cox to the rejection of which by the court exceptions were reserved was not competent on the issue thus made. His mere opinions or conclusions of fact that if he were required to run his engine so slowly that he could stop within the limits in which his head-light would enable him to see a horse on the track "he would be unable to carry on the business of the company;" that such slow rate of speed "would increase the costs of carrying passengers and freight," and such reduction in speed "would entail heavy loss on the company," etc., etc., are not competent to prove even a bad plea.

Witness Cox could not and did not attempt to answer as to the time his train was due at Siluria. If the question was improper, therefore, its being propounded worked no injury to defendant.

The court had common knowledge of the time the sun set on the day under inquiry, and so the jury. There was no occasion therefore to introduce an almanac to show the hour.

We discover no infirmity in the charge given at the request of the plaintiff. There was evidence from which the jury might have inferred that the engineer could have seen the animals on the track in time to have stopped short of striking them. If this were true it was his duty to see them, and a failure to perform that duty was damnifying negligence.

There was no burden on the plaintiff to prove that the

[Choate v. Southern Railway Company.]

tracks testified to by one witness were made by the mare and colt or by the colt alone at the time of the killing. That may have been important evidence for the plaintiff; but to say that the burden was on him to produce it is inapt, confusing and misleading.

The jury might well have been reasonably satisfied that the tracks were made by the animals killed or one of them, and still have had a doubt on that point. Charge 3 of defendant's series was therefore properly refused.

The action is for the negligent killing of two animals, a mare and a colt. Charge 4 would have required a verdict for defendant on disproof of negligence as to the mare, when on the evidence the circumstances attending the killing of the colt were not necessarily the same as those attending the killing of the mare.

We see no objection to the 5th charge requested by defendant. If both the animals came suddenly upon the track so close to the engine that the engineer could not stop in time to prevent running over them, their destruction cannot be ascribed to defendant's negligence. For the error in refusing this charge the judgment must be reversed. The cause will be remanded.

Reversed and remanded.