# Choate v. Southern Railway Company.

*Action for Negligently Killing a Cow.*

1. *Negligent running of cars; what not within issue.*—In an action for the negligent killing of a cow, counting upon the negligent running or operation of defendant's train, evidence that the defendant negligently permitted its right of way to be overgrown so as to conceal the cow from observation is not within the issue, and is properly excluded.

2. *Causal connection.*—Negligence which bears no causal relation to the injury, gives no right of action.

3. *When duty to avert injury arises.*—It is not the duty of the engineer to discover a cow standing motionless off the right of way, or to take any account of her, if seen, until she moves toward the track.

4. *Unavoidable accident.*—An instruction that the defendant is not liable for damages, if the injury was the result of "an unavoidable accident," is proper.

5. *Conclusion of engineer and conductor, as experts.*—The testimony of an engineer and conductor, as experts, that they did all that could be done to avert the injury, is admissible.

APPEAL from Cherokee Circuit Court.

Tried before Hon. J. A. BILBRO.

The rulings of the lower court upon the evidence are shown by the opinion. The plaintiff requested the following written charges, which were refused: (1.) "That it is the duty of the engineer to be diligent in looking out for obstructions, and in this cause it was the duty of the engineer to discover the cow as early as possible and take due care not to injure her. (2.) That if the jury believe from the evidence that defendant had negligently permitted its right of way to grow up so as to contribute to conceal and did conceal the cow from ordinary observation from the engineer, that fact would be a circumstance of negligence on the part of defendant." (3.) "The court charges the jury that if they believe from the evidence that defendant permitted its right of wav to be and remain overgrown with bushes and briers, so as to obstruct the ordinary view thereof, so that the engineer could not see the cow on the right of way until the train approached so near to the cow that when she came from the bushes and briers on to the track she was so near the locomotive that it was impossible by the use of the ordinary appliances to avoid striking her, then the defendant is guilty of negligence and the jury will find for the plaintiff." The court gave the following written charges requested by the defendant: (1.) "The court charges the jury: The jury can not find a verdict for the plaintiff merely because his cow was killed, and if the cow was killed by an unavoidable accident, then the defendant is not liable." (2.) "The court charges the jury: If the jury believe from the evidence that the engineer was keeping a proper lookout and that bushes were on the right of way so near the track that the engineer could not see her sooner, and that she ran so suddenly out of said bushes, and so near that the engineer could not by reasonable diligence have stopped the train in time to keep from killing her, your verdict must be for defendant." (3.) "The court charges the jury: If the jury believe from the evidence that the cow was standing in the corner of the fence when the enginer first saw

[Choate v. Southern Railway Company.]

her, that this was some 20 or 25 yards off, that just as he saw her she started running towards the track, that he immediately blew the cattle alarm, and did all that he could have done by the use of due diligence to prevent the injury to the cow, then plaintiff cannot recover." (4.) "If the jury believe from the evidence that the cow was standing in the corner of the fence where the engineer could not have seen her if he had been keeping a proper lookout, then the fact, if it be a fact, that he was not keeping a proper lookout will not render the defendant liable, if proper diligence was used to prevent the killing, after she was discovered." There were verdict and judgment for the defendant. The plaintiff appeals.

DANIEL & BRINDLEY, for appellant.

BURNETT & CULLI, *contra*, cited, *A. G. S. R. R. Co. v. Burgess*, MSS.; *Yazzoo R. R. v. Whittington*, 21 So. 249; *Anderson v. B. & M. R. R. Co.*, 109 Ala. 129; *Western Ry. Co. v. Lazarus*, 88 Ala. 453; *E. T. V. & Ga. R.R. Co. v. Bayliss*, 77 Ala. 429; *Bell v. Ala. Mid. Ry. Co.*, 108 Ala. 286; *St. L. & I. M. R. R. v. Ferguson*, 18 L. R. A. 112; *Bir. Min. R. R. v. Harris*, 98 Ala. 326.

McCLELLAN, J.—This action is prosecuted by Choate against the railway company. The following is the complaint: "The plaintiff claims of the defendant twenty-five ($25) dollars, as damages for negligently or wrongfully running over or against and killing with its engine or train of cars, on or about the 25th day of March, 1895, one milk cow, the property of the plaintiff." It is quite obvious upon the averments of the complaint that the wrong or negligence counted on is that of trainmen in *running*—operating—the engine or train of cars, and that no wrong or negligence of the defendant in respect of the condition of its track, road-bed and right of way is averred or relied on for recovery. It follows that the several rulings of the court excluding proposed evidence to the effect that defendant had allowed its right of way to so grow up in briers, bushes and the like as to obscure cattle near to and approach·ing the track from the observation of trainmen, and upon requests for instructions bearing upon that mat-

ter, were free from error: the condition of the right of way is not within the issue presented by the complaint. It is upon this consideration that the court properly refused charges 2 and 3 requested by plaintiff and gave charges 2 and 4 requested by the defendant.

Moreover, the uncontroverted evidence was that the cow when first seen was not on the right of way at all and that the fact she was not sooner observed was not due to the condition of the right of way but to her position in a corner of plaintiff's fence. Even if the pleadings involved the condition of the right of way, therefore, plaintiff could take nothing on that account since it had no causal connection with the death of the cow. It is also clear that the engineer's failure to keep a proper lookout, which is assumed in some of the instructions, but of which there is really no evidence, bore no causal relation to the injury, if such lookout would not, because of the cow's position in the fence corner, have sooner disclosed her presence. Charge 4 correctly asserts this idea.

Again, the duty of action on the part of trainmen with reference to the cow did not arise while she was standing at the fence—they had a right to assume that she would remain there—but only when she moved toward the track; and it cannot be said to have been the duty of the engineer to discover the animal at all or take any account of her while she was standing motionless off the right of way, and surely she could not be considered an obstruction on the track while in this position and attitude. Charge 1 refused to plaintiff tended, therefore, to mislead the jury, when referred to the evidence, and for this was well refused.

Charge 1 given for defendant is not open to the objections made to it by appellant's counsel. It presents a case of injury in no degree the result of the negligence or wrong of defendant's trainmen. If it were "an unavoidable accident," as hypothesized in that charge, it could not in any sense be chargeable to the negligence of anybody. The further objection that it takes no account of the supposed improper condition of the right of way is covered by what we have said above on that subject.

The testimony of the conductor and engineer, both experts in respect of the matter inquired about of them, that they did all that could be done to stop the train,

etc., etc., was admissible under the case of *A. G. S. R. R. Co. v. Linn,* 103 Ala. 134.

Affirmed.