# Central of Ga. Ry. Co. *v.* Brister.

## *Action for Injury to Stock.*

[DECIDED APRIL 3, 1906, 40 So. REP. 512.]

1.  *Railroads; Killing Stock; Evidence; Instructions.*—The evidence for the defendant tending to show the facts hypothesized in the charge, an instruction that "if the jury find from the evidence that the train was properly equipped and was being properly run, and that the engineer was keeping a proper look out, and that the horse came suddenly upon the track and so close in front of the train that the accident could not be avoided, and that the engineer discovered the horse as soon as it could have been discovered, and did everything that could have been done by a skillful engineer to avoid the accident, then the jury must find for defendant," is a correct statement of the law, and its refusal was error.

2.  *Same.*—An instruction "If the jury believe from the evidence that the horse in question came suddenly upon the track and so close in front of the train that the accident could not be avoided, then your verdict must be for the defendant," is faulty in failing to hypothesize the proper management and equipment of the train and that the engineer was keeping a proper look out. (Overruling *L. & N. R. R. Co. v. Brinkerhoff,* 119 Ala. 602; 24 So. Rep. 892.)


APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

This was an action by appellee against appellant for the negligent killing of a horse belonging to appellee by one of appellant's engines. The evidence tended to show that the engine pulling one of defendant's freight trains struck a horse belonging to appellee and killed him.

There was conflict in the testimony as to the distance the horse walked down the track from the place where it came on to the point at which he was killed. The evidence for appellant tended to show that the engine and cars were in proper condition, properly equipped with all the appliances necessary to safely running the train; that the engineer was keeping a steady lookout; that the train was running at the time about 18 miles an hour and going down grade; that the horse was struck right at the bottom of the grade; that the engineer first saw the horse on the north side of the track about 10 or 15 steps from the end of the cross-ties, when he was then about 100 yards from the horse; that he sounded the cattle alarm, put on brakes, and reversed his engine, and did everything known to a skillful engineer; that when the train got within 50 yards of the horse the horse suddenly ran up a slight fill and ran down the track in front of the train about 75 or 100 feet before he was struck; and that the train could not have been stopped under 200 yards. The defendant requested the court to give the following written charges, each of which the court refused: Charge 1. "If the jury believe from the evidence in this case that the train was properly equipped and was being properly run, and that the engineer was keeping a proper lookout, and that the horse came suddenly upon the track and so close in front of the train that the accident could not be avoided, and that the engineer discovered the horse as soon as it could have been discovered, and did everything that could be done by a skillful engineer to avoid the accident, then the jury must find for the defendant." Charge 2. "If the jury believe from the evidence in this case that the horse in question came suddenly upon the track and so close in front of the train that the accident could not be avoided, then your verdict must be for the defendant." There was judgment for plaintiff for $50.

G. L. COMER, for appellant.—Under the facts disclosed by this record, the court below should have given the first and second written charges requested by the appellant and clearly erred in refusing to give each of said

28

charges.—*Louisville & Nashville R. R. Co. v. Brinkerhoff & Co.,* 119 Ala. 606.

ERNEST L. BLUE, for appellee.—No brief came to the reporter's hands.

McCLELLAN, C. J.—The charges requested by defendant should have been given.—*Louisville & Nashville Railroad Co. v. Brinkerhoff,* 119 Ala. 606, 24 South. 892.

Reversed and remanded..

TYSON, SIMPSON, and ANDERSON, JJ., concur.

### ON REHEARING.

WEAKLEY, C. J.—The late Chief Justice was not entirely satisfied with the above opinion, nor with his opinion in *L. & N. R. R. Co. v. Brinkerhoff,* 119 Ala. 606, 24 South. 892, in so far as it held the fifth charge, requested by the defendant, in that case should have been given. Upon his own motion he caused this case to be placed on the rehearing docket for further consideration by the full court. This opinion expresses the views of all the judges, and is written after a conclusion first reached in general conference.

The evidence was conflicting as to the distance the horse had run upon or along the track in front of the train, and inferences might be drawn from the whole evidence which would authorize a recovery by the plaintiff, while other inferences that might be drawn, and some positive evidence, if believed, would entitle the defendant to a verdict. The evidence of defendant's witnesses tended to support the hypotheses of the first charge which it requested, and which was refused. The charge was not, therefore, abstract. It asserted a correct proposition of law, based upon a finding of the facts as hypothesized and should have been given. If the jury found the facts as postulated in the charge, the accident was unavoidable.—*Choate v. Sou. Ry.,* 119 Ala. 611, 24 South. 373; *Anderson v. Birmingham Mineral Ry. Co.,* 109 Ala. 128, 19 South. 519.

The second charge refused to the defendant would have required a verdict in its favor upon a finding mere-

ly that the horse came suddenly upon the track so close. in front of the train that the accident could not then be avoided, without any finding that the engineer had ob- served the duty of keeping a lookout, and although the animal might have been sooner discovered in dangerous proximity to the track by the exercise of proper dili- gence, and although the train might not have been prop- erly equipped. The charge is in substance the same as the 5th charge requested by defendant in *L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 606, 24 South, 892, and which this court there declared should have been given. The testimony in that case and this as to a lookout hav- ing been maintained, and as to the inability to sooner discover the animal's perilous position, and as to the. proper equipment of the train, was furnished by witness- es examined upon the trial. The credibility of the tes- timony was for the jury. Its truth could not be assumed by the court. The effect of the charge was to pretermit any inquiry into these material considerations, bearing upon the question of liability, *vel non*, and under the cir- cumstances of this case it was incorrect. It was prop- erly refused. The omission of the charge in the particu- lars mentioned was overlooked in *Brinkerhoff's Case*, supra. Indeed, the ruling there conflicts with previous decisions of this court not there cited.. In *S. & W. R. R. Co. v. Jarvis*, 95 Ala. 149, 10 South. 323, a charge asked by defendant was in the following language: "If the jury believe from the evidence that the animal came down the side of a cut from behind an obstruction about 40 yards in front of the approaching train, they must find for the defendant." It was pronounced "too mea- ger," Clopton, J., saying: "That the engineer could not have sooner discovered the cow, because of the obstruc- tion, should have been embraced in the hypothesis." See also, *N. C. & St. L. R. Co. v. Hembree*, 85 Ala. 481, 5 South. 173. The case of *L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 606, 24 South. 892, upon the proposition under consideration must be overruled.

A comparison of the two charges asked by the defend- ant below will show the essential difference between. them; the first having been framed on correct legal prin-.

ciples, and the second being unsound and erroneous.—
*Central of Ga. Ry. Co. v. Turner*, 145 Ala. 441, 40
South. 355. It still results that, notwithstanding this
modification of the previous opinion, the judgment must
be reversed, and the cause remanded for the error com-
mitted in refusing the first charge.

Reversed and remanded.

All the justices concur.