(80 South. 141)

## CENTRAL OF GEORGIA RY. CO. v. PITTMAN. (4 Div. 557.)

(Court of Appeals of Alabama. Nov. 26, 1918.)

1. RAILROADS ⬁439(4)—ACTION FOR DEATH OF COW—SUFFICIENCY OF COMPLAINT.

Complaint alleging, "Plaintiff claims of defendant the sum of $75 as damages for negligently killing one cow, the property of plaintiff, by its locomotive or train of cars, at or near the 51 mile post on the Mobile & Girard Railroad, one of its railroads, on, to wit, —— day of May, 1917," *held* to state a cause of action.

2. RAILROADS ⬁440—DEATH OF COW—ACTION FOR DAMAGES—PLEADING—ISSUES.

Complaint, alleging negligent killing of plaintiff's cow by defendant's train or locomotive,

did not raise the issue of whether defendant was negligent in permitting grass and weeds to grow and remain upon its right of way in such manner as to prevent engineers from seeing cattle.

3. RAILROADS ⬁425—DEATH OF COW—LIABILITY OF RAILROAD — INEVITABLE ACCIDENT.

Railroad is not liable for cow killed by its locomotive, where cow came suddenly upon track from bottom of a fill, where engineer was in his place, keeping lookout ahead, discovered cow as soon as it could be discovered, and did everything known to a skillful engineer to prevent the accident, and where locomotive of train was fully equipped with standard appliances.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Action by J. L. Pittman against the Central of Georgia Railway Company for damages for the negligent killing of a cow. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

G. L. Comer, of Eufaula, for appellant.
Geo. W. Andrews, of Union Springs, for appellee.

SAMFORD, J. This action is against a railroad company, and the complaint is in the following language:

"The plaintiff claims of the defendant the sum of seventy-five and no/100 dollars as damages for negligently killing one cow, the property of plaintiff, by its locomotive or train of cars at or near the 51 mile post on the Mobile & Girard Railroad, one of its railroads, on, to wit, —— day of May, 1917."

[1, 2] While the complaint is not as explicit as it might be, it was not tested by demurrer, and is sufficient to state a cause of action for the negligent killing of plaintiff's cow, by and through the operation of one of defendant's trains or locomotives. This is the charge which the defendant was called upon to defend, and evidence as to the injury should have been kept within the issues as made by the pleading. Under the issues as formed, evidence as to the condition of the growth of weeds and grass along defendant's right of way, so as to hide cattle from the view of the engineer, was not relevant, and should have been excluded. Choate v. Southern Ry. Co., 119 Ala. 611, 24 South. 373. If, as a matter of fact, the defendant negligently permitted grass and weeds to grow and remain upon its right of way, in such manner as to prevent engineers from seeing cattle along its track, and as a proximate consequence thereof, plaintiff's cow was killed, he would be required to so declare, that the defendant might be put upon notice of the plaintiff's demands.

[3] The undisputed evidence in the case was to the effect that the cow that was killed came suddenly upon the defendant's track

from the bottom of a fill, and so close in front of defendant's locomotive as to render the killing unavoidable; that the engineer was in his place, keeping a lookout ahead; that he discovered the cow as soon as it could be discovered; that the engine and train were fully equipped with standard appliances; that these appliances were in perfect condition, and that he did everything known to a skillful engineer to prevent the accident. These being the facts, under the issues as formed, the defendant was entitled to a judgment. Anderson & Shackleford v. Birmingham Min. R. R. Co., 109 Ala. 128, 19 South. 519; Central of Ga. Ry. Co. v. Brister, 145 Ala. 432, 40 South. 512; Mobile L. & Ry. Co. v. Roberts, 192 Ala. 486, 68 South. 815. The rulings of the trial court were not in accord with the foregoing views, and therefore the judgment is reversed and the cause is remanded.

Reversed and remanded.