(107 So. 805)

### BUGG v. MEREDITH. (6 Div. 618.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Railroads** ⬅446(10)—**If engineer's testimony as to lookout for animals and use of means at hand to stop was true, railroad was entitled to general charge, though plaintiff made prima facie case.**

If engineer's testimony that he was keeping careful lookout, that headlight and other equipment were in good condition, and that, as soon as he saw horses on track at night, he used all means at hand, and did all that a skillful engineer could have done, to stop train in time to avoid hitting them, was true, railroad company was entitled to general charge, in action for killing of one of them, though plaintiff made out prima facie case.

**2. Railroads** ⬅ 447(7)—**Railroad, sued for killing of horse, held entitled to charge submitting defense, even if engineer's testimony as to lookout and use of available means to stop was untrue.**

Even if engineer's testimony that he was keeping careful lookout, used all means at hand to stop train in time to avoid accident, etc., was untrue, railroad, sued for killing of horse, was entitled to have its defense, with hypothesis, submitted to jury in refused charge to find for defendant if engineer was keeping proper lookout, discovered horse as soon as possible, and used all available powers and appliances known to skillful engineers to stop train before accident.

Appeal from Circuit Court, Jefferson County, Bessemer Division; O. A. Steele, Judge.

Action by Ephraim Meredith against B. L. Bugg, as receiver for the Atlanta, Birming-

ham & Atlantic Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

The suit is for the recovery of damages for the alleged negligent killing of a horse, the property of plaintiff, by a train of the defendant. Plaintiff's evidence tended to show that his horse and another one were seen grazing around in the vicinity of the accident, and that later there were found upon the railroad track indications that a horse had been struck by a train and dragged some distance; that a pit had been dug on the right of way and the animal buried there; and that there were horse tracks along the railroad track, leading to the place of the accident, as if the animal or animals had been running along the track in front of the train. Defendant's engineer testified that on the occasion in question, at night, he was running his engine when he saw two horses ahead of him, some two or three car lengths off of the track, and some five car lengths in front of him, running to cross the track in front of his engine; that he applied his brakes in emergency, but could not stop the train in time to avoid hitting one of the animals and running over it; that he did not know what became of the other horse; that the track was straight ahead for some distance, and the headlight and other equipment in good condition; that he was keeping a careful lookout, and as soon as he saw the animals used all the means at hand to avoid running into the animals; that what he did in an effort to stop the train was all that a skillful engineer could have done; and that the train could not have been stopped in time to avoid the collision.

This requested charge was refused to defendant:

"(6) If the jury believe, from the evidence in this case, that the engineer, who was operating defendant's train that killed said horse, was keeping a proper lookout ahead at and immediately before the time of the accident, and that the horse came out of the darkness suddenly upon the track, and so close in front of the train that the engineer could not stop the train in time to avoid the accident, and if you further believe that such engineer discovered the horse as soon as it could have been discovered, and that the train was properly equipped, and that the engineer used all the appliances and powers known to skillful engineers at his hand to stop the train before the accident, and that he could not stop it in time to avoid hitting said horse, then your verdict should be for the defendant."

Huey & Welch, of Bessemer, for appellant.

The affirmative charge for defendant should have been given. Nor. Ala. R. Co. v. White, 69 So. 308, 14 Ala. App. 228; M. L. & R. Co. v. Roberts, 68 So. 815, 192 Ala. 486; Hayes v. A., B. & A. R. Co., 84 So. 556, 17 Ala. App. 220. Charge 6 was erroneously refused to defendant. Central of Ga. R. Co. v. Pittman, 80 So. 141, 16 Ala. App. 567; Central of Ga. R. Co. v. Brister, 40 So. 512, 145 Ala. 432.

McEniry & McEniry, of Bessemer, for appellee.

The evidence of the engineer was disputed, hence the affirmative charge was properly refused. Atlanta & St. A. B. R. Co. v. Hodges, 94 So. 252, 19 Ala. App. 42. Charge 6 was covered by the oral charge and charges given for defendant.

ANDERSON, C. J. [1, 2] It may be conceded that the plaintiff made out a prima facie case; yet, if the evidence of the engineer was true, the defendant was entitled to the general charge. It may also be conceded that the evidence of some of the witnesses, as to the tracks, was sufficient to afford an inference that it was untrue, so as to prevent the general charge for the defendant; still it was at least entitled to have its defense, with the hypothesis, submitted to the jury as embodied in refused charge 6. Central of Ga. R. R. v. Brister, 40 So. 512, 145 Ala. 432; Central of Ga. R. Co. v. Pittman, 80 So. 141, 16 Ala. App. 567, and cases cited. We do not find that this charge was so substantially covered by the defendant's given charges, or the oral charge, as to avoid a reversal of this case.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.