74 So.2d 524

### ATLANTIC COAST LINE RAILROAD COMPANY

v.

### Annie ADAMS.

### 6 Div. 589.

Court of Appeals of Alabama.

March 3, 1954.

Rehearing Denied March 23, 1954.

Huey, Welch & Stone, Bessemer, for appellant.

Ling & Bains, Bessemer, for appellee.

PRICE, Judge.

Plaintiff sued to recover damages for the killing of her cow by one of defendant's trains. Judgment was rendered in her favor in the lower court and her damages assessed at $100. Defendant appeals.

On the trial the parties stipulated that on October 12, 1950, a milch cow, the property of plaintiff, was run into and killed by a train operated by defendant on its tracks near Cairo in Jefferson County, Alabama. It was further stipulated that the reasonable market value of the cow was $100.

Thus a prima facie case was established for plaintiff and the burden shifted to defendant to acquit itself of negligence. Title 48, Section 173, Code 1940; Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294.

The engineer testified the cow was struck about half a mile from a public crossing under an overhead trestle which crossed appellant's tracks and in a right hand curve in the direction he was traveling. He was operating a Diesel engine pulling sixty to seventy cars at a speed of 40 miles per hour. The accident occurred about 6:30 A.M. It was daylight, and although the headlight was burning there was no need for lights. He stated, "This cow was trying to pull away from the track as I was blowing the whistle; she couldn't get no further than as far as she was. I thought maybe the engine would pass her by, the way she had the rope stretched, or chain, or whatever it was." He said the train could not have been stopped under a thousand to fifteen hundred feet, and since it would have done no good, he did not apply the brakes. He eased the throttle up two notches but this would not decrease the train's speed and he maintained the same rate of speed from the time he saw the cow until she was struck.

Defendant's section foreman testified the ground outside the rail was disturbed, indicating the cow had walked and stamped around there for some time. At plaintiff's home he saw a rope lying in an old truck which plaintiff said had been taken off the cow. No rope was found where she was struck.

In rebuttal plaintiff testified after the cow was hit the plow line which was run through a piece of hose and tied around her horns was still in one piece. The knot where the rope had been tied to a stake was still there and the rope had not been cut. The cow had been missing the night before and she had not tied her down on the railroad tracks.

Leonard Smith and Johnnie Chambliss testified they saw no cow tracks along the road bed and saw no pieces of rope. The rope on the cow was in one piece.

In Louisville & Nashville Railroad Co. v. Posey, 96 Ala. 262, 11 So. 423, 424, the court held:

"The duty to take precaution against inflicting injuries arises not only when

the engineer of a moving train sees an animal on the track, or in dangerous proximity thereto, but also when by the exercise of due diligence he might have seen it. A failure in either of these respects is negligence."

Or, as stated by Justice Foster in Owen v. Southern Ry. Co., 222 Ala. 499, 133 So. 33, 34:

"Usually the duty owing by the operatives of a train of cars to an animal on the track is not discharged by a proper equipment and operation of the train, and the diligent and skillful use of the appliances to avoid the injury after a discovery of the presence of the animal on the track * * * but it is the duty of the engineer to keep such constant lookout for animals on the track as is consistent with the performance of his other duties. Central of Georgia Ry Co. v. Stark, 126. Ala. 365, 28 So. 411; Central of Georgia Ry. Co. v. Dumas, 131 Ala. 172, 30 So. 867; Nashville, C. & St. L. Ry. Co. v. Bingham, 182 Ala. 640, 62 So. 111; Central of Georgia Ry. Co. v. Williams, 200 Ala. 73, 75 So. 401; Id., 202 Ala. 496, 80 So. 880."

Defendant contends it was due the general affirmative charge because the evidence was undisputed that no action of the engineer could have prevented the injury to the cow after he discovered her in such close proximity to the train that it could not be stopped in time to avoid striking her.

■ It was for the jury to determine whether the engineer was negligent in failing to attempt to stop the train. Furthermore, there was an entire absence of evidence tending to show that the engineer was maintaining a proper lookout, and de- fendant, having failed to meet the burden cast upon it of acquitting itself of negligence, was not due the general affirmative charge, nor was there error in overruling the motion for a new trial on the ground the verdict was against the weight of the evidence.

■ Requested charge 2 was properly refused. It ignored the duty of the engineer to maintain a proper lookout. Mobile & Girard R. Co. v. Caldwell, 83 Ala. 196, 3 So. 445.

■ Refused charge 3 was properly refused. It had the same defect as charge 2, and is also argumentative and invasive of the province of the jury.

The portions of the court's oral charge to which defendant excepted assert correct principles of law.

■■ The rule is that if the injury occurs at places and under circumstances other than those detailed in Sections 170 and 171, Title 48, Code 1940, the evidence must be sufficient to satisfy the jury that the injury occurred without such negligence as would render the defendant liable under the general rules of law governing the doctrine of negligence, East Tennessee, V. & G. R. Co. v. Bayliss, 74 Ala. 150, and the "law's only standard for measuring human conduct, with a view to determining its legal propriety or freedom from culpability, is the course of action that consists with that which a reasonably prudent person, likewise advised, would have taken under similar circumstances." Ex parte Alabama Great Southern R. Co., 204 Ala. 504, 86 So. 100.

The judgment of the trial court is affirmed.

Affirmed.