233 So.2d 90

**LOUISVILLE AND NASHVILLE RAIL-ROAD COMPANY, a Corporation**

v.

*Charles N. SELF.*

**7 Div. 2.**

Court of Civil Appeals of Alabama.

March 4, 1970.

Rehearing Denied March 18, 1970.

Lange, Simpson, Robinson & Somerville, and Lyman H. Harris, Birmingham, Wallace & Ellis, Columbiana, for appellant.

Head & Head, Columbiana, for appellee.

WRIGHT, Judge.

On May 13, 1967, suit was filed in the Circuit Court of Shelby County, Alabama, by Charles N. Self, plaintiff-appellee against Louisville and Nashville Railroad Company, a corporation, defendant-appellant. The suit was in the amount of $1000.00 as damages, charging defendant with the negligent killing of four cows belonging to plaintiff. The complaint originally contained counts 1 and 2, but at some time during the trial, count 2 was removed from the consideration of the jury and the matter went to the jury only on count 1. After hearing the evidence and the charge of the court, the jury returned a verdict in favor of the plaintiff in the sum of $800.-00, on the 6th day of August, 1968. Defendant filed a motion for a new trial, which motion upon being considered by the court was denied on October 3, 1968, and this appeal was duly taken.

According to appellant in his brief, the main issue on appeal is whether the lower court should have given a general charge for the defendant. The refusal of the trial court to give in favor of defendant the general affirmative charge constitutes assignment of error 1. We will give that our first consideration.

In order to properly consider assignment of error #1 we must first look to the evidence, or the lack of it, in this case. Plaintiff testified that he found the bodies of four cows scattered along the right of way of appellant at a point where said right of way adjoined his property. He had been missing four cows from his pasture for approximately two to three weeks. When found, the carcasses had been partially destroyed, but from the color and markings of the hides and the fact that two of the carcasses contained the remains of unborn calves, he was able to determine that the carcasses were those of his missing four cows.

The first carcass was located at a point some one hundred fifty steps from a sharp curve in appellant's track and on a fill some ten to twelve feet high. The second carcass was some fifty steps farther along the track from the first, and the third and fourth were some seventy steps farther along from the second.

Upon checking with the railroad, plaintiff learned that one of appellant's freight trains had struck four cows between mile post 428 and 429 west of Calera, Alabama, on the night of August 29, 1966.

Plaintiff offered testimony from himself and from a neighbor as to the fair market value of the animals killed. He offered into evidence the interrogatories and answers thereto of defendant and rested his case. Appellant offered no evidence, rested his case and requested the general affirmative charge, and the affirmative charge with hypothesis, together with other written charges. The trial court refused to give the general affirmative charge and the affirmative charge with hypothesis in favor of the defendant. It is for this refusal that appellant assigns errors 1, 5 and 6.

■ The provisions of Title 48, Section 173, Code of Alabama 1940, apply in this case, as in all cases, wherein negligence is charged against a railroad for the killing or injuring of persons, property or stock, resulting from the operation of the locomotive or cars of the railroad. By this statute, upon the showing of injury or damage by plaintiff, the burden is upon the railroad to acquit itself of negligence, proximately causing the alleged injury or damages. Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294; Atlantic Coast Line R. Co. v. Adams, 37 Ala.App. 538, 74 So.2d 524.

■■ Since the scene of the alleged injury in this case was in open country and not at or near a station or crossing, the question of the compliance · of appellant with Sections 170, 171 and 172 of Title 48, 1940 Code of Alabama, is not involved. However, it has long been established that the operation of Section 173 is not confined to injuries of persons, stock, or property sustained at the points covered by Sections 170, 171 and 172, but applies equally to all injuries resulting from the operation of the locomotive or cars of the railroad. Ex parte Southern R. Co., 181 Ala. 486, 61 So. 881. Therefore, when plaintiff in the instant case, presents evidence under his complaint charging negligence to the railroad to establish that his cows were killed by appellant's train, it was sufficient to establish a prima facie case against appellant under Title 48, Section 173, 1940 Code of Alabama. Appellant then had the burden of overcoming or rebutting plaintiff's prima facie case. Louisville & Nashville R. Co. v. Holmes, 32 Ala.App. 551, 27 So.2d 878; Carr v. Alabama Great Southern R. Co., 43 Ala.App. 51, 179 So.2d 328.

Appellant in brief acknowledges the general principles of law applicable to this case and to which we have previously referred herein. It acknowledges that if plaintiff established his prima facie case it was then the burden of the appellant to go forward with the evidence to rebut the presumption or prima facie case of negligence against him. However, appellant insists that in the instant case plaintiff made a tactical mistake. The mistake referred to was that of introducing into evidence the answers to interrogatories propounded to the appellant by appellee. It is contended, that by this action appellee attempted to prove the specific acts of negligence allegedly committed by defendant and upon which plaintiff's complaint was based. It is further contended by appellant, that appellee not only failed in proof of any charged negligence but negated the same, and furnished the affirmative evidence in favor of defendant necessary to overcome the statutory presumption and rebut the prima facie case against defendant.

In effect, says appellant, plaintiff by introducing the answers to the interrogatories into evidence, not only bolstered his prima facie case against defendant, but at the same time furnished the necessary evidence to acquit the defendant of negligence as raised by the statutory presumption and make it unnecessary for defendant to offer any additional evidence to rebut such presumption.

■ It is the law, that if the evidence as to proximate cause of the injury complained of is sufficient to meet the requirements of burden of proof and overcome the effect of the statute, it is immaterial by which party to the litigation the evidence. is offered. Louisville & Nashville R. Co. v. Coxe, 218 Ala. 25, 117 So. 293; Alabama Great Southern R. Co. v. Bishop, 259 Ala. 629, 68 So.2d 530.

To determine if the evidence introduced by plaintiff was sufficient to overcome the presumption established by statute and rebut the prima facie case, we must look to the pertinent answers to the interrogatories. For the sake of brevity, we shall relate the evidence contained in the answers to the interrogatories in narrative form.

On the night of August 29, 1966, one of defendant's trains struck and killed four cows at a point on its line in Shelby County, Alabama, between mile post 428 and 429. The scene was approximately five miles west from defendant's nearest station in Calera, Alabama. The animals were first observed in a group by defendant's engineer as he rounded a curve at a distance of no more than two hundred feet away. Defendant's train consisted of nineteen loaded cars and two empties being pulled by a diesel engine at approximately thirty miles per hour. The nearest public road crossing to the scene was located at a distance of one-half to three-quarters of a mile away. Immediately upon seeing the animals the engineer applied his emergency brakes and began blowing short blasts on his whistle, which was continued until the animals were struck. The operator of defendant's locomotive was keeping a constant lookout on the occasion and when first seen the animals were standing still in the middle of the track and did not move prior to being struck. Upon being struck, the animals were carried approximately 50 to 60 feet by the train, and upon examination were all dead at the scene. When the animals were struck the train was still traveling at approximately 30 miles per hour on a slight downgrade. The locomotive was in good operating condition.

To make clear the allegation of plaintiff's complaint against defendant we quote from the last paragraph of count 1 of plaintiff's complaint

"The plaintiff further charges that the death of said cows was the proximate consequence of the negligence of the defendant's servant, agent, or employee, while acting within the line and scope of his employment, in and about the operation of said train at said time and place."

We cannot hold that appellant's answers to plaintiff's interrogatories totally removed all inferences of negligence in the operation of appellant's train. Had plaintiff presented evidence only as to injury and damage resulting from the operation of appellant's train, then introduced appellant's answers to the interrogatories, appellant would probably have been entitled to the general affirmative charge. Plaintiff did more than establish his prima facie case under the statute. Before introducing appellant's answers to his interrogatories, he presented evidence as to the location of the carcasses of the animals, measurements as to distance and line of sight, which were substantially in conflict with appellant's answers to interrogatories. Such conflict, at least, raised an inference that the answers to the interrogatories were untrue. Because of this conflict as to material facts and issues, the trial court cannot be put in error for refusing to give either a general affirmative charge or the affirmative charge with hypothesis. Bugg v. Meredith, 214 Ala. 264, 107 So. 805. We consider the trial court to have been eminently fair to appellant in having given, at its request, written charges 2, 3 and 11. These charges presented to the jury, fully and completely, appellant's defense with hypothesis. The giving of these charges was in line with the decision of the Supreme Court in Bugg v. Meredith, supra.

Appellant's assignments of error 7, 8, 9 and 10 relate to the admission into evidence, over objection of defendant, testimony as to plaintiff's conversations during settlement negotiations with the defendant's claim agent.

Defendant upon cross examination of plaintiff, for the purpose of impeachment of plaintiff's direct testimony relating to weight and value of the animals killed, had introduced into evidence a claim form submitted by plaintiff to defendant's agent. Defendant then cross examined the plaintiff as to the difference between the statements as shown by the claim form signed by plaintiff and his testimony on direct examination.

On redirect examination, plaintiff's counsel asked if there had been a conversation between plaintiff and defendant's claim agent concerning the submission of the claim and negotiations toward settlement. Counsel further asked plaintiff to relate to the jury what the conversation was. Upon objection by defense counsel, plaintiff's counsel indicated to the court that in seeking this information from plaintiff he was relying upon the rule as stated by Judge McElroy in his work, "The Law of Evidence in Alabama, Vol. 1". From counsel's statement of the rule we presume he was referring to Section 159.-03, p. 381. There is found the following statement, "If a witness admits on cross examination that he has previously made a statement contradictory of his present testimony, he may testify on redirect examination as to why he made the previous inconsistent statement."

After quoting the above rule to the court, counsel for plaintiff stated that he was offering testimony as to the conversation between plaintiff and defendant's claim agent for the purpose of explanation of the circumstances surrounding the prior inconsistent statement by plaintiff. At that time the court made the following statement, "I will limit it to that. I will let it in on the theory of showing an explanation."

In examining the evidence resulting from the questions and answers set out under appellant's assignments of error 7, 8, 9 and 10, we find no error in the ruling of the court below. In fact, the most substantive answer given by the witness along the line of testimony objected to by appellant, was given in answer to appellant's question on voir dire.

We consider the rule as quoted from the work of Judge McElroy to be correct and properly applicable in this case. Campbell v. State, 23 Ala. 44; Stephens v. State, 252 Ala. 183, 40 So.2d 90; Louisville & Nashville R. Co. v. Malone, 109 Ala.

509, 20 So. 33. Appellant's assignments of error 2 and 3 are directed at the court's judgment in overruling appellant's demurrer to plaintiff's complaint. It is insisted that plaintiff's complaint was defective in that it did not allege the place of injury with sufficient certainty and definiteness to acquaint the defendant with the location thereof.

The complaint alleges that the injury occurred in Shelby County, Alabama, between the towns of Calera and Shelby, at a point on defendant's line between mile post 428 and 429. The cases cited by appellant in support of this charged error of the court are not dispositive. The allegation of the place of injury is much more indefinite and general than that of the instant case.

A complaint that alleges the place of the accident with sufficient certainty and definiteness to acquaint the defendant of the alleged accident is not subject to demurrer. Western Ry. of Alabama v. McPherson, 146 Ala. 427, 40 So. 934; Southern Ry. Co. v. Hoge, 141 Ala. 351, 37 So. 439. We find no error in the trial court's overruling of defendant's demurrers to plaintiff's complaint.

Assignments of error 11, 12, 13 and 14 are addressed to the allowing into evidence of the testimony of Kenneth McRae, over objection of appellant, as to the fair market value of the animals involved in the case.

The basis of appellant's complaint is not that the witness lacked expertise, but that the hypothetical questions posed to the witness were based only on the evidence of the plaintiff and did not take into consideration possible variance or conflict in the evidence as to weight and physical description.

We consider this first basis of attack not well taken. The frame and substance of hypothetical questions to expert witnesses is a matter largely committed to the discretion of the trial court. Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5

So.2d 480; Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246. It is further the rule that a hypothetical question is not objectionable because it omits to hypothesize every fact shown by the evidence, since an examiner of an expert witness may lay as a basis for opinion invited only those facts in evidence which conform to the theory the examiner would establish. Sovereign Camp, W. O. W. v. Davis, supra; Lehigh Portland Cement Co. v. Dobbins, supra.

Appellant further contends that the hypothetical questions posed to the witness were objectionable in that they were not based upon sufficient evidence. We do not consider this objection well taken. The sound discretion of the trial court prevails as to the specificity and detail of the hypothetical question, subject only to the provision that it should incorporate sufficient facts in evidence to fairly justify the formation of an expert opinion. Sovereign Camp, W. O. W. v. Davis, supra.

It is further contended that the hypothetical questions posed to the witness were hypothecated on facts not in evidence. Our comparison of the questions with the evidence does not convince us of the verity of this objection. The fact that the hypothetical does not include every factor or bit of evidence which could conceivably affect the answer or opinion requested, does not affect its admissibility, but could affect the weight the jury might give the opinion. The cross examiner is perfectly at liberty to question the expert closely, and at length, as to the matters considered and the grounds upon which his opinion rests. Melco System v. Receivers of Trans-America Ins. Co., 268 Ala. 152, 105 So.2d 43

It is our opinion that the trial court did not err in the matters charged by appellant in his assignment of errors, this case is therefore

Affirmed.