# Louisville and Nashville R. R. Co. v. Posey.

### *Action for Damages against Railroad Company, for Killing Stock.*

1. *Statutory liability of railroad company, for injuries to live-stock; burden of proof.*—In an action against a railroad company for damages for the killing of plaintiff's live-stock by one of defendant's trains, when it is proved that the stock was so killed, the statute ('ode, foot-note to § 1147) casts upon the defendant the duty of acquitting itself of any negligence by showing that the requirements of section 1144 of the Code were complied with, or by proving to the satisfaction of the jury that any attempt to comply with them was rendered futile by the circumstances, without any fault on the part of the defendant's employees.

2. *Same; duty to maintain look-out.*—The duty of the engineer, or other person in charge of a moving train, to take precautions against inflicting injuries upon live-stock arises not only when he sees an animal on the track, or in dangerous proximity thereto, but, also, when by the exercise of due diligence he might have seen it. A failure in either of these respects is negligence, for which the railroad company is liable.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

HEWITT, WALKER & PORTER, for appellant.

CHISOLM & WHALEY, *contra.*

STONE, C. J.—This action was brought by the appellee against appellant; and sought to recover damages for the killing of plaintiff's stock by one of defendant's trains The only evidence introduced on the trial was that testified to by the plaintiff himself and his witnesses; and disclosed substantially the following facts: In August, 1891, at three o'clock in the afternoon, two of plaintiff's horses were found near defendant's track, just after one of its passenger trains had passed; they had both of their front legs broken, and were afterwards knocked in the head by one of defendant's section foremen to relieve them from their suffering. The train was going south. The horses were found 340 to 440 yards south from the southern entry of a cut on defendant's road; and there was an unobstructed view from the southern

entry of said cut to a point on defendant's track just opposite where the horses were found. None of the witnesses introduced by plaintiff saw the accident, but the fact that the horses were struck by one of defendant's trains is not disputed. The cause was tried by the court without the intervention of a jury, as is allowed by the statute creating the City Court of Birmingham. The court rendered judgment for plaintiff, and its finding is here assigned as error.

The only point presented by the appeal or argued by counsel is, whether the evidence introduced by plaintiff was sufficient to make out a *prima facie* case, and thereby raise a presumption of negligence in such sort as to shift the burden of proving care and freedom from fault and negligence upon the defendant.

We find do difficulty in reaching a satisfactory conclusion upon the question at issue; for we are directed by statute and guided by reason and the former adjudications of this court. The duty to take precaution against inflicting injuries arises not only when the engineer of a moving train sees an animal on the track or in dangerous proximity therto; but also when by the exercise of due diligence he might have seen it. A failure in either of these respects is negligence.—*E. T., Va. & Ga. R. R. Co. v. Bayliss,* 77 Ala. 435; *Western R'way Co. v. Sistrunk,* 85 Ala. 357; *K. C., M. & B. R. R. v. Watson,* 91 Ala. 485.

The act amending section 1700 of the Code of 1876, approved February, 1887, and which is contained in the Code of 1886 as a foot-note to section 1147, is in the following language: "A railroad company is liable for all damages done to persons, stock or other property, resulting from a failure to comply with the requirements of the preceding section, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property damaged or destroyed by the locomotive or cars of any railroad, the burden of proof, in any suit therefor, is on the railroad company to show that the requirements of the preceding section [section 1699 of that Code, section 1144 of this Code] were complied with, at the time and place when and where the injury was done." The wording of this statute is plain and unambiguous. Its proper interpretation is, that when it is proved that any person or stock had been killed or injured, or other property damaged or destroyed by the locomotives or cars of any railroad, the railroad company has cast upon it the duty of acquitting itself of any negligence; and only meets the burden of proof thus put upon it by showing that it has fulfilled all the re-

quirements demanded by section 1144 of the Code, or by satisfactory proof to the jury that any attempt to comply with them was rendered futile by the circumstances, without any fault on the part of the railroad's employees.   Without· such proof the railroad company is liable for damages arising from the injury caused by the negligence presumed from the unexplained fact of the injury proved.   Construing this statute, Mr. Justice CLOPTON, in *Savannah & Western R. Co., v. Jarvis*, 95 Ala. 145, says:  "In a suit against a railroad company for injury to stock, proof of the mere fact that the stock was killed by a moving train casts, under the statutory provisions, the burden on the company to acquit itself of the negligence presumed by the law in such cases, and, unless the burden is lifted, entitled the plaintiff to a verdict." The same rule was announced in the case of *Ala. Gr. So. R. Co. v. Kelsey*, 89 Ala. 287.  McCLELLAN, J., said: "It being shown that the animal, while on the railroad track, was killed by a train of the defendant, the burden was on the defendant to acquit itself of the charge of negligence made by the complaint."  In *N. C. & St. L. R. Co. v. Hembree*, 85 Ala. 481, this court announced the rule in the following language:  "When the plaintiff showed that the mare was killed by the defendant's moving train, if there had been no other proof, he was entitled to recover."

We fully concur in the finding of the City Court, and the judgment of that court is accordingly affirmed.