# Birmingham Southern Railway Co. v. Morris.

## *Injury to Stock.*

(Decided November 18, 1913. Rehearing denied December 9, 1913. 63 South. 768.)

1. *Railroads; Injuring Animals; Burden of Proof.*—Where the injury to the animal did not result from actual collision, but from fright, the provisions of section 5476, Code 1907, have no application.

2. *Charge of Court; Weight of Evidence.*—A charge asserting that defendant had the burden of proving its want of negligence, in an action for injury by frightening stock in which the railroad company introduced no proof whatever, necessarily involves the assumption that plaintiff had made out a prima facie case, and in the absence of a request for such charge, violated the provisions of section 5362-64, Code 1907.

3. *Appeal and Error; Harmless Error; Instructions.*—Where a plaintiff is entitled to the affirmative charge, and requests it, the giving of a charge for the plaintiff asserting that the burden of proof was on defendant to acquit itself of negligence, would be error without injury; but where no request for such charge was made by plaintiff, the giving of the charge complained of cannot be said to be error without injury.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

[Birmingham Southern Railway Co. v. Morris.]

Action ·by E. A. Morris against the Birmingham Southern Railroad Company for injury to stock by frightening so as to cause the stock to jump and be killed. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

PERCY, BENNERS & BURR, for appellant. The court erred in charging the jury ex mero motu that defendant had the burden of acquitting itself of any negligence proximately contributing to the death of the animals. No collision is shown but injury arising from fright is complained of.—*L. & N. v. Brewing Co.*, 150 Ala. 396; *N. C. & St. L. v. Garth*, 59 South. 641. It cannot be said to be error without injury.

W. T. STEWART, and W. K. TERRY, for appellee. The evidence made out a palpable case of prima facie negligence on the part of the appellant company and the burden was shifted to the appellant irrespective of section 5476, Code 1907.—12 A. & E. Enc. of Law, 515. If it can be said to be error, it is error without injury for the reason that plaintiff had made out a prima facie case and defendant offered nothing in rebuttal.—*Flowers, et al. v. Smith L. Co.*, 157 Ala. 505; 2 Enc. P. & P. 499.

THOMAS, J.—This is a suit brought by the appellee, Morris, against the appellant, the Birmingham Southern Railroad Company, for damages resulting from the alleged negligence of the defendant in frightening by an approaching train and thereby causing the plaintiff's horse, which was running down the track ahead of the train, to jump off of said track, upon reaching a high trestle thereon, onto the trestle of an adjoining track, thereby receiving injuries from which it died.

The principles of law applicable to the case are so thoroughly discussed and well stated in the case of

*Nashville, C. & St. Louis Ry. Co. v. Garth,* 178 Ala., 59 South. 640, recently decided by our Supreme Court, that we deem it unnecessary to rehash them here, as that case will furnish a sufficient guide to the court below on another trial of this case, which has to be reversed, on the authority of that case, for the error of the trial court in charging the jury (in the face of the fact that defendant's train at no time collided with the horse) that the burden of proof was on the defendant to show that it was not guilty of negligence.   Section 5476 of the Code. placing the burden of proof on the railroad company in certain cases to acquit itself of negligence, upon which the court evidently relied as authority for giving the charge in this case as mentioned, has no application to a case, as here, where the injury or damage complained of did not result from actual collision or contact with the train.—*N., C. & St. L. R. R. Co. v. Garth, supra.*

The appellee, however, insists that the giving of the charge in the present case was not error, for the reason that the defendant introduced no proof whatever on the trial, while the plaintiff did introduce proof sufficient, he contends, to make out a prima facie case of the negligence charged in the first count of the complaint, upon which the trial was really had; and that, as a result of the plaintiff's having made out this prima facie case, the burden rested upon defendant under the general rules of law, independent of the statute mentioned, to overcome this prima facie case and acquit itself of negligence; and hence that court did not err in charging the jury that the burden of proof was on defendant to show it was not guilty of negligence.—21 Am. & Eng. Ency. Law, 515.  This charge, in the form as given, cannot be justified under the general rule stated, because the charge necessarily involves the assumption that the

plaintiff had made out a prima facie case. On such a predicate only would the burden be on defendant, under the general rule mentioned, to acquit itself of negligence. Hence the charge, even when considered under and in the light of this general rule, was erroneous, because it was a charge upon the effect of the evidence, amounting to no more nor less than the court's saying that plaintiff had made out a prima facie case, as a consequence whereof the burden of proof was on defendant to overcome it by acquitting itself of negligence. The statute prohibits the court from charging on the effect of the evidence unless requested thereto.—Code, §§ 5362, 5363, 5364. There was no such request here.

The appellee next insists that, although the charge was error, it was error without injury, since, as he contends, he was entitled to the affirmative charge. If the affirmative charge had been requested by him in the court below, which was not done, however, and if, in such event, we had reached a conclusion that he was entitled to it, it would then have been "error without injury" for the court to have orally charged the jury that the burden of proof was on defendant to acquit itself of negligence (*Flowers & Pegler v. Smith Lumber Co.,* 157 Ala. 505, 47 South. 1022) ; but where, as here, such affirmative charge was not requested by appellee, then for us to hold that the erroneous oral charge of the court, in misplacing the burden of proof on appellant, was error without injury would be to hold in effect that the lower court should have given the affirmative charge for appellee when it was not requested by him and when for the court to do so in such event would have been in violation of a positive statute.—Code, §§ 5362, 5363, 5364. Under the statute cited, if the court had given the affirmative charge for appellee, when not requested in writing, the case would have been reversed, although we

might have been of opinion that appellee would have been entitled to it, if he had asked it; and we likewise are clear that the same result must follow when the necessary effect of the oral charge of the court is the same as the affirmative charge. Consequently the judgment is reversed.

Reversed and remanded.