(75 South. 694)
### SOUTHERN RY. CO. v. OSBORNE.
### (8 Div. 360.)

(Court of Appeals of Alabama.  May 29, 1917.)

1. RAILROADS ⚚441(1) — INJURIES TO ANIMALS—BURDEN OF PROOF.

Where, in an action against a railroad for negligently running over a horse and mule, the killing of the animals by the locomotive or cars of defendant is admitted, the burden is on defendant to prove absence of negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1577, 1582, 1593–1595.]

2. RAILROADS ⚚446(1) — INJURIES TO ANIMALS—QUESTION FOR JURY.

In an action against a railroad for negligently killing live stock, the question of the company's negligence is for the jury, where the evidence for the company of the only eyewitness is contradicted by the evidence for plaintiff as to facts and circumstances surrounding the killing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1627.]

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by D. W. Osborne against the Southern Railway Company.  From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Lawrence E. Brown, of Scottsboro, for appellant.  Bouldin & Wimberly, of Scottsboro, for appellee.

BRICKEN, J.  This action was by appellee against appellant, the Southern Railway Company, for negligently running over and killing a horse and a mule.  The case was tried on the plea of the general issue, and the defendant complains of the action of the trial court in refusing the general affirmative charge requested by it in writing.

[1] The killing of the animals described in the complaint by the locomotive or cars of the defendant was admitted; thus a prima facie case was established.  O'Rear v. Manchester Lumber Co., 6 Ala. App. 461, 60 South. 462; Ill. Central R. Co. v. Bottoms, 1 Ala. App. 302, 55 South. 260; Birmingham Railway Co. v. Morris, 9 Ala. App. 530, 63 South. 768.  And therefore the burden was on the defendant to acquit itself of negligence; and if the evidence, as offered by it, is sufficient, if believed by the jury, to show, as a matter of law, that the defendant was not negligent, and such evidence is undisputed, and not in conflict, then the trial court will be put in error for refusing the affirmative charge when requested in writing by the defendant.  Ex parte Southern Railway Co., 181 Ala. 486, 61 South. 881; Code 1907, § 5476.

[2] The evidence offered by the defendant in this case was that of the engineer, the only eyewitness; and, if the testimony of this witness was uncontroverted or undisputed by other testimony as to the material facts, it would appear that the defendant had met the burden required, and would have been entitled to the general charge in its favor, as requested.  But the facts and circumstances surrounding the killing of the stock in question, showing the location of the dead stock, their tracks, etc., as testified to by the witnesses for the plaintiff, presented such a conflict in the testimony, which necessarily required its submission to the jury.  Therefore there was no error in the ruling of the court in refusing the general charge requested by the defendant.  For like reasons, we cannot say there was error in the ruling of the court in refusing a new trial, or in declining to set aside the verdict as being contrary to the evidence.  No other questions being presented, and there being no error in the record, the judgment of the court below is affirmed.

Affirmed.