(129 So. 705)

## CENTRAL OF GEORGIA RY. CO. v. GHOLSTON.

### 4 Div. 596.

Court of Appeals of Alabama.
Aug. 19, 1930.

McDowell & McDowell, of Eufaula, for appellant.

G. W. Andrews, Jr., of Union Springs, for appellee.

BRICKEN, P. J.

Appellee, as plaintiff in the court below, brought suit against appellant, the Central of Georgia Railway Company, for negligently running over and killing a cow the property of plaintiff. The cause was tried on the plea of the general issue, and appellant here complains of the action of the trial court in refusing the general affirmative charge requested by it in writing. It is also insisted the trial court erred in overruling the defendant's motion to set aside the verdict rendered in this case and grant a new trial.

The action of the court in overruling the motion for a new trial is not presented for our consideration. No exception reserved in this connection is shown by the bill of exceptions, and this the law requires. Code 1923, § 6088; Stover v. State, 204 Ala. 311, 85 So. 393; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Martin v. State, 216 Ala. 160, 113 So. 602. In this case, however, the fact that the ruling of court on motion for new trial is not presented so that it may be here considered in no manner militates against the rights or interest of appellant on this appeal, for the reason the points of decision on the main trial are each properly presented for review and these points are identical with those involved upon the motion for a new trial. Under the view we take of this case, the action of the court on the motion for new trial if properly presented would not be disturbed.

In this case the killing of the cow in question by the locomotive or cars of the appellant was admitted. This, under the provisions of section 9955, Code 1923, established a prima facie case. Southern Ry. Co. v. Osborne, 16 Ala. App. 138, 75 So. 694, and cases cited. And therefore the burden was on the defendant to acquit itself of negligence. This the defendant undertook to do by introducing as its witnesses its engineer of the train that killed the cow, who was, by his evidence, an engineer of many years experience. His testimony tended strongly to sustain the burden resting upon appellant, as did that of the fireman, who was also examined. It is elementary that the credibility of all witnesses and the probative force of their testimony is for the jury to determine, and appellate courts cannot usurp this function or duty or substi-

tute itself for the jury on questions of disputed facts. Intervention of this character can only be had in cases of palpable miscarriage of justice.

The exceptions reserved to the court's rulings upon the admission of evidence are without merit. No reversible error appears in these rulings.

As stated, under the evidence in this case, taken in connection with the statutory rule above stated, a jury question was presented, and we are without authority, in the absence of prejudicial error, to disturb its findings.

No reversible error appearing, the judgment appealed from will stand affirmed.

Affirmed.