27 So.2d 878

**L. & N. R. CO. v. HOLMES.**

**4 Div. 989.**

Court of Appeals of Alabama.

Nov. 19, 1946.

Mulkey & Mulkey, of Geneva, for appellant.

R. S. Ward, of Geneva, for appellee.

### HARWOOD, Judge.

At the trial below John Holmes sued the L. & N. Railroad Company for damages resulting from the killing of his cow by one of defendant's trains. A jury found in favor of the plaintiff and assessed his damages at $100. From the judgment in favor of the plaintiff rendered pursuant to the jury's action the defendant below perfected an appeal to this court.

Testimony introduced by the plaintiff below tended to establish that plaintiff's cow was struck and killed by defendant's train at or near a dirt road crossing defendant's railroad tracks. The record is silent as to whether this crossing was a public or private one, thus obviating any necessity for considering the effect of Section 170 of Title 48, Code of Alabama, pertaining to the duties of a locomotive engineer to ring his bell or blow the whistle one fourth of a mile before reaching a public crossing.

However Section 173 of Title 48, Code of Alabama, 1940, provides that: "A railroad company is liable for all damages done to * * * stock * · * * resulting from * * * any negligence on the part of such company or its agents; and when any * * * stock is killed or injured * * * by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show * * * that there was no negligence on the part of the company or its agents."

Thus after proof tending to establish that plaintiff's cow was killed by the defendant's train the railroad had the burden of overcoming or rebutting plaintiff's prima facie case thereby established.

Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294.

In attempting to show lack of negligence on its part the defendant below introduced as witnesses in the trial below Mr. D. Lee Stamps, the engineer, and Robert Parker, the fireman, on the locomotive that killed plaintiff's cow. Mr. Stamps testified that he was a locomotive engineer of forty-seven years experience; that the engine he was operating on the morning the cow was killed is about fifty feet long to the boiler, and that from his position on the right side of the engine anything approaching from the left side of the track cannot be seen unless it is thirty or forty yards out toward the front of the engine; that he could see about a mile down the track in the vicinity of where the cow was killed, but he did not see the cow until she came up out of some broom sedge on the left side of the track some thirty or forty yards in front of the train; that his locomotive was equipped with all modern appliances, but he did not blow for the cow as he was traveling between thirty-five and forty miles per hour, and the cow was hit at almost the same instant he saw her, and there was nothing he could do to avoid the accident.

The testimony of the fireman Parker was simply to the effect that he was busy firing the engine at the time the cow was hit and therefore did not see the cow at all. He further testified that Mr. Stamps had blown two long and two short blasts for the crossing, and hit the cow as he finished blowing for the crossing.

It is true that when an animal not being on the tracks and not discoverable by due diligence suddenly leaps on the track so near an approaching train that no action could prevent injury to it, the engineer is not required to attempt to stop the train. Kansas City, etc. R. Co. v. Watson, 91 Ala. 483, 8 So. 793; East Tenn. etc. R. Co. v. Bayliss, 77 Ala. 429, 54 Am.Rep. 69. If the testimony of defendant's engineer were all the testimony in this case then it would have been entitled to the general affirmative charges requested by it.

However, witnesses for the plaintiff below testified that the railroad right of

way was straight for a distance of from two to two and a half miles, and that the right of way was free from anything that would obstruct vision, and as one witness said "You could see a hog as far as you could see." One of the witnesses for the plaintiff below, Folmar Hood, testified that the train whistle was blown about a quarter of a mile from the point where the cow was hit and "kindly as a signal for the cows, and not as much for the crossing in a way as it did for something on the track." Another witness J. C. Kelley said his attention was attracted by several short blasts of the train whistle blown about a quarter of a mile from where the cow was hit; that he noticed the blasts because they were the type he had heard blown before when cattle or hogs were on the track.

The jury could reasonably infer from the above testimony that the engineer did see the cow when approximately a quarter of a mile away from it. Whether his actions thereafter were free from negligence, as provided in Section 173, Title 48, was for the jury. Atlantic Coast Line R. Co. v. McEachern, 19 Ala.App. 40, 94 So. 784; Ledbetter, Admr. v. St. Louis & S. F. R. Co., 184 Ala. 457, 63 So. 987, and in view of the testimony of the witnesses Folmar and Kelly, the jury was justified in finding that the defendant railroad did not meet the requirements of Section 173, Title 48, Code of 1940 in establishing itself free from negligence. Memphis etc. R. Co. v. Davis, Ala.Sup., 14 So. 643.

It is our opinion that the court did not err in refusing defendant's (appellant's) written charges 1 and 2, which were in effect general affirmative charges in its favor, nor did the lower court err in overruling appellant's motion for a new trial, which was based on the grounds that the verdict of the jury was contrary to the evidence, contrary to the law, and was not sustained by the great preponderance of the evidence. These being the only points raised by the assignment of errors, and argued in briefs of counsel it is our opinion that this cause is due to be affirmed, and it is so ordered.

Affirmed.