63 So.2d 295

## LOUISVILLE & N. R. CO. v. SPITZER.

### 6 Div. 465.

Court of Appeals of Alabama.

Feb. 17, 1953.

706

Chas. H. Eyster, Decatur, and Gibson & Gibson, Birmingham, for appellant.

Barber & Barber, Birmingham, for appellee.

HARWOOD, Judge.

The suit below was for the killing of plaintiff's heifer by the defendant railroad. Verdict and judgment were for the plaintiff.

■ The undisputed evidence establishes that the heifer was killed by one of defendant's trains.

Lloyd Spitzer, a witness for the plaintiff, testified that the heifer was killed about six thirty in the morning by defendant's train. The train was travelling toward Birmingham at a speed of 35 to 40 miles per hour. He heard the train whistle blow, but as for a crossing and not in a manner to frighten off animals on the track. Mr. Spitzer testified he would not say the whistle was not blowing at the heifer, but there was nothing in the blowing that led him to believe that a calf was on the track.

Mr. Spitzer further testified that there was no fog on the morning in question, and that from the spot where the heifer was struck a person can see 1,000 to 1,200 feet down the track toward the direction the train approached.

The engineer and the brakeman on the locomotive testified that on the morning the heifer was struck there was a ground fog or mist along the right of way.

Mr. Brown, the engineer, testified that he was keeping a lookout down the tracks, and the train was travelling about 35 miles per hour. Because of the fog he did not see the heifer on the tracks until he was within about 100 feet of it. He had time only to blow the whistle.

Mr. Brown further testified that it would have been useless to apply the brakes or reverse the engine as such efforts could not have slowed the train in the distance left after he first saw the heifer.

The three assignments of error argued in appellant's brief relate to the refusal of three separate written charges requested by the appellant (defendant below).

Appellant's requested charge 1 was the general affirmative charge with hypothesis.

The evidence presented by the plaintiff below established her case prima facie. Section 173, Title 48, Code of Alabama 1940.

■ Further it is our conclusion that under the contradictions created by all the evidence as to whether there was fog or mist affecting visibility, and whether by the exercise of due diligence the engineer could have seen the animal on the track in time to have frightened it away by blowing the whistle or ringing the bell or could reasonably have taken other means, presented questions of fact properly within the province of the jury to resolve, even though the engineer did not actually see the heifer until too late to avoid injuring it. Louisville & Nashville R. Co. v. Posey, 96 Ala. 262, 11 So. 423; East Tennessee, etc., R. Co. v. Watson, 90 Ala. 41, 7 So. 813.

Charge 1 was therefore properly refused.

■ Refused charges 2 and 3, have been approved in substance in prior decisions. However the principles enunciated in these charges were in our opinion clearly and amply set forth in the oral charge of the court. Their refusal cannot therefore be a predicate for error in this case.

Affirmed.