81 So.2d 620

### LOUISVILLE & NASHVILLE RAILROAD COMPANY

v.

### Henry J. YATES.

### 2 Div. 866.

Court of Appeals of Alabama.

March 22, 1955.

Rehearing Denied April 12, 1955.

184

Pettus, Fuller, Reeves & Stewart, Selma, and Steiner, Crum, & Baker, Montgomery, for appellant.

Theodore L. Wade, Selma, for appellee.

PRICE, Judge.

Plaintiff sued to recover damages for the killing of his white faced Hereford cow by one of defendant's trains. Judgment was rendered in his favor in the lower court, his damages being assessed at $275. Defendant appeals.

The evidence is without dispute that at 9:00 p. m. on November 19, 1951, defendant's locomotive, traveling South from Selma en route to Flomaton, struck and killed plaintiff's cow, at a short trestle near Swinks crossing in Dallas County. Defendant's right of way at this point is bounded on the east and west by plaintiff's pasture lands and is separated therefrom by fences. The roadbed is in the center of the right of way and is built on an embankment which is twelve or fifteen feet high. The track is straight and level for some distance on either side of the trestle. The weather was clear.

The evidence for defendant was to the effect that the train was traveling at a speed of 35 miles per hour; the locomotive was a Diesel, equipped with a headlight which shines directly in front of the train, and a Mars light which revolves from side to side and is used as a warning light. The engineer and fireman were in their proper places in the cab and were keeping a lookout. They first observed the cow when she scrambled up the bank onto the roadbed 300 or 400 feet in front of the train. The engineer applied the brakes, blew the whistle, rang the bell and applied sand. The speed of the train was reduced, but not enough to stop it. The engine was equipped with modern, standard equipment which was in good mechanical condition. The distance in which the train could be stopped would be affected by the number of cars on the train, but the witnesses could not recall the number of cars on this train. The engineer testified the train, running at 35 miles per hour on level grade, could not be stopped in less than 1,000 to 1,500 feet except by going into "emergency" and if he went into "emergency" the train could not be stopped in less than 750 feet. He did not go into "emergency" on this occasion, because it would not have prevented the injury, and a skilful and prudent engineer, confronted with the same situation would not have done so; but that he did everything a skilful and prudent engineer would have done to avoid striking the cow. The engineer also testified that the headlight permitted observation of an object on the track from 500 to 700 feet ahead, but that the train could not be stopped within the distance that such an object could be seen by the aid of the headlight.

The testimony of both the engineer and fireman was that they were prevented from seeing the cow in time to avoid striking her because of the high grass and weeds in the ditch along the side of the embankment.

The plaintiff testified the right of way and embankment were clear of obstructions. which could have prevented the engineer and fireman from seeing the cow in time to avoid hitting her; that it was November and the grass was dead.

Under the evidence a prima facie case was established in favor of the plaintiff. Sec. 173, Tit. 48, Code 1940; Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294.

"The duty to take precaution against inflicting injuries arises not only when the engineer of a moving train sees an animal on the track, or in dangerous proximity thereto, but also when by the exercise of due diligence he might have seen it. A failure in either of these respects is negligence." Louisville & Nashville R. Co. v. Posey, 96 Ala. 262, 11 So. 423, 424; Owen v. Southern R. Co., 222 Ala. 499, 133 So. 33, and cases cited.

The fireman is also charged with the same duty of looking ahead as is the engineer unless there is evidence the engineer was alone charged with the duty of maintaining a vigilant lookout. Kansas City, Memphis & Birmingham R. Co. v. Wagand, 134 Ala. 388, 32 So. 744; Perry v. Atlantic Coast Line R. Co., 34 Ala.App. 644, 42 So.2d 837.

Also, a railroad company injuring stock by the running of its train in the night-time at such rapid rate of speed that it is impossible, by the use of ordinary means and appliances, to stop the train and prevent the injury, within the distance in which the stock upon the track could be seen by the aid of the headlight is guilty of negligence, which, if it caused the injury, entitled the owner to recover. Alabama Great Southern R. Co. v. Jones, 71 Ala. 487; Birmingham Mineral R. Co. v. Harris, 98 Ala. 326, 13 So. 377; Central R. & Banking Co. of Ga. v. Ingram, 98 Ala. 395, 12 So. 801; Louisville & Nashville R. Co. v. Davis, 103 Ala. 661, 16 So. 10; Louisville & Nashville R. Co. v. Kelton, 112 Ala. 533, 21 So. 819; Louisville & Nashville R. Co. v. King, 37 Ala.App. 182, 67 So.2d 49, certiorari denied 259 Ala. 358, 67 So.2d 51.

The evidence presented a jury question as to whether the operators of the train were guilty of negligence under these applicable principles of law, therefore, the general affirmative charge was properly refused to defendant. After allowing all reasonable presumption in favor of the correctness of the trial court's ruling on the motion for a new trial, we conclude there was no error in overruling the motion on the grounds that the verdict of the jury was contrary to the evidence, contrary to the law and was not sustained by the great preponderance of the evidence.

Defendant's requested charge 3 is in the language found in the body of the opinion in the Kansas City, M. & B. R. Co. v. Watson, 91 Ala. 483, 8 So. 793. Requested charges 5 and 9 are in the language found in Louisville & Nashville R. Co. v. Holmes, 32 Ala.App. 551, 27 So.2d 878.

In Wear v. Wear, 200 Ala. 345, 76 So. 111, 114, the court declared, "It is a mistake to suppose that expressions in judicial opinions, properly there used, can be made to serve as clear, succinct statements of the law in special charges to the jury."

These charges stated abstract propositions of law without instructing the jury their effect upon the issues in the case on trial, and their refusal was without error. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388, 391.

The judgment of the trial court is affirmed.

Affirmed.