81 So.2d 623

## LOUISVILLE & NASHVILLE RAILROAD CO.

### v.

### Henry J. YATES.

### 2 Div. 351.

Supreme Court of Alabama.

June 30, 1955.

130

Pettus, Fuller, Reeves & Stewart, Selma, and Steiner, Crum & Baker, Montgomery, for petitioner.

Theodore L. Wade, Selma, opposed.

LIVINGSTON, Chief Justice.

The petition for certiorari to the Court of Appeals in the instant case is based on two grounds: First, that the Court of Appeals erred in the following statement of law involved in this case:

"A railroad company injuring stock by the running of its train in the night-time at such rapid rate of speed that it is impossible, by the use of ordinary means and appliances, to stop the train and prevent the injury, within the distance in which the stock upon the track could be seen by the aid of the headlight is guilty of negligence, which, if it caused the injury, entitled the owner to recover."

Second, that the foregoing statement of law was erroneously applied to its conclusion of fact as set forth in its opinion. The principal argument made here is that the headlight rule should no longer be applied in cases like this in the State of Alabama.

In our recent case of Louisville & Nashville Railroad Co. v. Moseley, ante, p. 103, 81 So.2d 321, on a petition for certiorari to the Court of Appeals, this court again reviewed our decisions concerning the headlight rule. We there said:

"We are not willing to overrule the Alabama cases establishing the headlight rule where the operation is on a straight track nor to hold that such rule should not apply on a curve which is so slight as to constitute practically a straight track. However the Alabama law should not make the headlight rule applicable to tracks with a substantial curve in the country where there is no public crossing on the curve."

■ In its opinion in the instant case, the Court of Appeals found that "The track is straight and level for some distance on either side of the trestle. The weather was clear." It is, therefore, clear that the headlight rule does apply in the case before us.

■ On the second proposition before us, the opinion of the Court of Appeals states:

"The plaintiff testified the right of way and embankment were clear of obstructions which could have prevented the engineer and fireman from seeing the cow in time to avoid hitting her; that it was November and the grass was dead.

"Under the evidence a prima facie case was established in favor of the plaintiff."

Such a finding of fact is conclusive on this court under our well-recognized rules.

The petition for certiorari is, therefore, due to be denied.

Writ denied.

LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.