179 So.2d 328

**Howard CARR**

v.

**ALABAMA GREAT SOUTHERN RAILROAD CO.**

**7 Div. 799.**

Court of Appeals of Alabama.

May 18, 1965.

Rehearing Denied Sept. 14, 1965.

Lusk, Swann, Burns & Stivender, Gadsden, for appellee.

Scott & Scott, Fort Payne, for appellant.

JOHNSON, Judge.

Upon consideration of the application of the appellant for a rehearing, the former opinion is withdrawn and the following becomes the opinion of the court.

This is an action by the appellant, plaintiff below, against the appellee railroad company, defendant below, for the negligent killing of a cow. The trial court gave an affirmative charge requested by the railroad and a judgment was rendered for the railroad in accordance with a jury verdict. The plaintiff complains of the action of the trial court in giving the affirmative charge requested by the railroad.

Testimony given by the plaintiff tended to establish that a cow belonging to him was struck and killed by the defendant's train about April 15, 1962, near a private road

crossing defendant's railroad track and leading to the plaintiff's farm. The plaintiff found the cow on the west side of the tracks, about fifty yards north of the private crossing. He testified that the right-of-way was straight for two or three miles north and south of the crossing and that weeds and bushes had grown up in places on both sides of the right-of-way to a height of about five feet, and that these weeds and bushes extended up to the tracks. He further testified that the engineer and fireman on the train saw the cow before it was hit by the train, but it appears from his testimony given on cross-examination that he was not present and did not see the train hit the cow. He stated that he knew the railroad was required to have both an engineer and a fireman on their locomotives.

■ After proof tending to establish that plaintiff's cow was killed by defendant's train, the railroad had the burden of overcoming or rebutting plaintiff's prima facie case thereby established. Sec. 173, Tit. 48, Code of 1940; Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294; L. & N. R. Co. v. Holmes, 32 Ala.App. 551, 27 So.2d 878.

In attempting to show lack of negligence on its part the railroad introduced as witnesses Mr. T. J. Workman, an assistant track supervisor for the railroad, and W. L. Rourke, the engineer on the train which killed the plaintiff's cow.

Workman testified that the day after the plaintiff reported the accident to the railroad he went to the place where the cow was killed. He testified that weeds and bushes had grown to a height of five or six feet on both sides of the railroad's right-of-way in that area.

Rourke testified that he had been an engineer for forty-nine years for the railroad; that he was the engineer on a north-bound passenger train which hit a cow while passing by the plaintiff's farm about 9:45 A.M.; that the speed limit was 80 miles per hour and the train was traveling at 75 miles per hour; that the track was straight through the plaintiff's farm; that visibility was good and he could see a long way; that all of the equipment on the train was in good working order; and that he maintained a lookout. The following testimony was given by Rourke on direct examination:

"Q. Where were you with reference to Mr. Carr's property when you first saw the cow?

"A. Right up at the gate where it goes into his barn.

"Q. Where there is a gate that goes into his barn?

"A. Goes away from the right of way and one goes into the other field.

"Q. Where was the cow when you first saw it?

"A. She was coming right across the track.

"Q. Where did the cow come from?

"A. Come from the west side. Coming across the tracks toward the barn.

"Q. All right, was there anything to obstruct your view from seeing that cow before that time?

"A. Yes, weeds and bushes. She come right out from behind them and just got there in time for me to hit her about the shoulder.

"Q. In other words, the cow came out—

"A. She came away from towards the barn where that gate is.

"Q. I'll ask you did you blow your horn?

"A. Just about the time I got hold of the whistle horn, I hit the cow.

"Q. In other words, it came on and by the time you reached up to pull the whistle, you hit the cow?,

**54**

"A. Yes.

\* \* \* \* \* \*

"Q. You were under the speed limit. Could you have stopped the train with any effort on your part?

"MR. CHARLES J. SCOTT: We object.

"THE COURT: Overruled.

"MR. SCOTT: We except.

"Q. Did you stop the train Mr. Rourke?

"A. No, sir.

"Q. You hit the cow and went on?

"A. I went on to Valley Head.

◼ A railroad company may be entitled to a general affirmative charge when it is established by uncontradicted proof that an animal, not on the tracks and not discoverable by the due diligence, suddenly leaps on the tracks so near an approaching train that no action could prevent injury to it. L. & N. R. Co. v. Holmes, supra; see also Northern Ala. Ry. Co. v. White, 14 Ala. App. 228, 69 So. 308.

◼ We are of the opinion that the testimony of Rourke, the engineer, does not establish that the killing of the plaintiff's cow was unavoidable. It does not appear from his testimony that the cow suddenly leaped on the track. His testimony does not reveal how far away the cow was from the train when he first saw it, nor how fast or at what pace the cow was moving, nor how long it took him to blow the whistle after first observing the cow. The railroad did not establish itself free from negligence and, therefore, was not entitled to the affirmative charge.

◼ Further, the defendant was not entitled to the affirmative charge for the reason that the defendant offered no evidence which showed that the train was properly equipped. Northern Ala. Ry. Co. v. White, supra.

This cause is due to be and the same is hereby

Reversed and remanded.

PRICE, P. J., not sitting.