222 So.2d 727

**LOUISVILLE & NASHVILLE RAIL-ROAD CO.**

v.

**Albert NETTLES.**

**1 Div. 320.**

Court of Appeals of Alabama.

May 6, 1969.

---

Windell C. Owens, Monroeville, for appellant.

Bert S. Nettles, Mobile, for appellee.

PRICE, Presiding Judge.

Plaintiff sued to recover damages for the killing of his eight Hereford cattle by one of defendant's trains. A jury found in favor of plaintiff and assessed his damages at $500.00.

The record bears out the following facts, most of which are taken from the briefs of counsel.

From appellant's brief:

About ten o'clock on the morning of October 6, 1965, a freight train of the defendant, traveling North, along its tracks near Beatrice, Alabama, struck and killed seven or eight cows belonging to the plaintiff. These facts are undisputed in the testimony. It was a foggy, misty day. The cows were struck near the end of a curve to the right near mile post 659. The brakeman, Grady Gillis, who was on the left side of the engine, first saw the cattle when the train was 100 to 150 feet from them. They were on the track coming toward the train, but they began to turn and mill around and were in a bunch when hit. The testimony of the brakeman and engineer, Mr. Crawford, was that the train at the time was traveling 25 to 30 miles per hour and that everything possible for a skillful engineer to do was done in order to stop the train, including putting the train into emergency, to avoid hitting the cattle. The brakeman, from his position on the left side of the engine, on the outside of the curve, could see the cattle before the engineer on the right side of the cab could see them. The engineer testified the train was within 75 to 100 feet of the cattle when they first came into his view. The engineer testified he was keeping a lookout down the track; that he blew his whistle at the crossing approximately 700 to 800 feet before entering the curve and that he did everything that could have been done from the time he first saw the cows until the train was upon them. The evidence of the plaintiff indicated there was underbrush and trees along the right of way on the right side and on the inside of the curve. The brakeman, Mr. Gillis, testified that in his opinion the underbrush on the inside of the curve obstructed the engineer's vision and prevented him from seeing the cows earlier. The engineer also testified that in his opinion the underbrush prevented his seeing the cows sooner.

From appellee's brief:

Appellant's engineer, W. A. Crawford, testified on cross examination that he did not remember whether he had sounded a bell upon coming into the curve immediately prior to where appellant's train struck appellee's cattle, and that he neither sounded the whistle nor checked the speed of the train on approaching that curve. He further testified that he did not blow the whistle at the time he saw the cattle. The train's sanding device did not go into operation though it probably would have helped to give better friction to the wheels in attempting to come to an emergency stop, "but we can't use them in that respect on account of flattening the wheels especially on a wet, slick road." On recross examination Mr. Crawford testified that the speed at which the train was traveling immediately prior to the accident "couldn't

have been a safe speed as far as your visibility is concerned."

The engineer testified the train consisted of two freight engines and 16 or 17 cars. Six of the cars were loaded with pulpwood, the others were empty. After it went into emergency the train traveled its length, 1000 to 1100 feet before stopping. In stopping the train he had to reduce the throttle and work two brake valves and did not have time to do anything else before the cows were hit.

The evidence made out a prima facie case for plaintiff. The burden then shifted to defendant to show itself free from negligence which proximately caused the injury to the animals. Louisville & Nashville Railroad Company v. Yates, 38 Ala.App. 183, 81 So.2d 620, cert. den. 263 Ala. 129, 81 So.2d 623; Louisville & Nashville Railroad Company v. Lowrey, 37 Ala. App. 112, 64 So.2d 139.

Whether the speed of the train was excessive under the existing conditions or whether the blowing of the whistle might have frightened the cattle away were questions for the jury's determination. Mobile & Girard R. R. Co. v. Caldwell, 83 Ala. 196, 3 So. 445; Perry v. Atlantic Coast Line R. Co., 34 Ala.App. 644, 42 So.2d 837.

A part of appellant's argument that the motion for a new trial was improperly overruled is as follows:

"The case of Choate v. Southern Ry. Co., 119 Ala. 611, 24 So. 373, set out the proposition that when the negligence or wrong doing in operating the train is alleged as the basis for recovery then a recovery can not be based upon any negligence on the part of Defendant in respect to the maintenance of its right of way."

The *Choate* case holds that evidence of undergrowth on the right of way is not admissible when the sole charge is negligent operation of the train. In the instant case no objection was raised to the evidence as to the condition of the right of way.

We are of opinion the court did not err in refusing the affirmative charge nor in denying the motion for a new trial based upon the insufficiency of the evidence to support the verdict.

The judgment is affirmed.

Affirmed.