255 So.2d 42

**LOUISVILLE AND NASHVILLE RAIL-ROAD COMPANY, a Corporation**

v.

**Roy MARTIN.**

**7 Div. 31.**

Court of Civil Appeals of Alabama.

Nov. 24, 1971.

Karl C. Harrison, Hewitt L. Conwill, Columbiana, for appellee.

Lange, Simpson, Robinson & Somerville, and Lyman H. Harris, Birmingham, Wallace & Ellis, Columbiana, for appellant.

THAGARD, Presiding Judge.

On the afternoon of October 26, 1968, appellant railroad, while operating a train from Montgomery to Birmingham, allegedly hit and killed seven cows belonging to appellee Roy Martin. The testimony in the trial court revealed that the train was traveling from Montgomery to Birmingham

and before leaving Montgomery the train had successfully passed a federal brake inspection. According to Mr. C. S. Hawkins, the locomotive engineer, he first observed the cattle, four in number, about one fourth of a mile or less away on the railroad track. He also testified that upon seeing the cattle he turned on the train whistle and bell and applied the brakes in service application. He testified that the speed of the train when he initially observed the cattle was forty-five to fifty miles per hour, and that he then, at that time, applied the brakes and when the train hit the cattle about one fourth of a mile away that its speed was still close to forty-five miles per hour. Because this was a diesel engine the emergency braking system was never activated. Later in the trial the engineer testified that if the train was traveling at forty-five miles per hour and he applied service braking within one fourth of a mile the speed of the train should be twenty miles per hour and that in one half of a mile he could bring the train to a complete stop. Mr. Hawkins further stated that the cattle, upon hearing the warning blasts of the whistle and bell, did not run to the side of the track, but instead, ran in front of the train down the track. The railroad track, as stated by Mr. Hawkins, was clear and unobstructed and the incident occurred late in the afternoon. Appellee testified that the railroad track from the end of the curve south of the initial point of collision was straight and over three quarters of a mile, or about 3,390 feet long. The location of the cattle when initially seen by the engineer was near or close to Interstate 65 bridge. There was testimony that the cattle were in the shadows of the bridge and for this reason they could not be readily seen.

Appellee, the following Tuesday, October 29, 1968, went to the location of the incident and found on or near the railroad tracks three dead cattle, which he positively identified as being his. Sometime earlier that day or the day before, Mr. L. M. Atcherson, employed for upkeep and maintenance of the railroad right-of-way, received a call from his chief dispatcher who informed him that there had been some animals killed on the railroad track. Then, Mr. Atcherson, in order to clear the track apparently, buried four cattle, two in each grave, and to the best of his recollection, two of them were black and one looked to be a holstein and another looked as if it might have been a jersey. Mr. Atcherson also stated that shortly after the incident he and appellee spoke; that appellee described them to him and Mr. Atcherson told appellee that he had buried the cattle. According to testimony, this was all in the same area and appellant's track stank and was a real mess. In the interrogatories propounded to appellant the question was asked where the cattle were killed and appellant responded that they were killed near the I-65 bridge.

Appellee filed suit in the Circuit Court of Shelby County and recovered a judgment of $1,055.00. Appellant then appealed to this court, assigning as error the failure of the trial court to give the following charges:

"2. I charge you, members of the Jury, that, if you find from the evidence that the train was properly equipped and was being properly run, and that the engineer was keeping a proper lookout, and that the cattle came suddenly into view upon the track in or from the shadows of the highway bridge so close in front of the train that the accident could not be avoided, and that the engineer discovered the cattle as soon as they could have been discovered and did everything that could have been done by a skillful engineer to avoid the accident, then you must return a verdict in favor of the defendant.

\* \* \* \* \* \*

"14. I charge you that, if you are reasonably satisfied from the evidence that the sole, proximate, or direct cause of the collision between the train and the cattle was that the cattle came onto the tracks at a place where it was dangerous for them to be and where it was difficult

for them to be seen, and if you are further satisfied that the engineer who was operating the train was guilty of no negligence, then, in that event, I charge you that you may not return a verdict in favor of the plaintiff, Roy Martin.

"15. Infallibility is not exacted by law of those persons who have the charge and management of railroad trains, nor are railroad companies to be held responsible in damages for every injury inflicted by them upon the property of others, in the management or control of running trains. To render such corporations liable, there must be a want of that care, in running and managing their trains, which every careful and prudent man takes. of his own property under similar circumstances."

In its brief appellant contends: 1. That the engineer had exercised reasonable care; that the accident was unavoidable because the cattle suddenly came into view and the engineer did not have time to stop before hitting them. 2. The defendant was entitled to the general affirmative charge because uncontradicted evidence was offered to prove that the defendant performed all the precautionary measures that are required of a railroad and, in addition, there was not evidence of any negligence on the part of the railroad. 3. The burden of proof does not shift to the railroad to go forward with evidence until plaintiff presents a prima facie case.

■ Appellant presented twenty-six grounds of assigned error to this court and substantially argued five. In compliance with Supreme Court Rule 9, assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court.

The primary issue for consideration in this case is twofold: Did appellee present a prima facie case and thereby shift the burden to appellant to go forward and overcome appellee's case: Second, according to the facts in the case, was it possible

to prevent the train from hitting the cattle, had the engineer been keeping a proper watch, and did he do everything within reason to avoid hitting them?

■ Appellant contends that the burden of going forward does not shift to the defendant railroad until the plaintiff presents a prima facie case. Such a case may be presented by direct or circumstantial evidence. Southern R. Co. v. Cates, 211 Ala.. 282, 100 So. 356. On application for rehearing, Justice Coleman, in Alabama Great Southern Railroad Co. v. Morrison, 281 Ala. 310, 202 So.2d 155, said, referring to Tit. 48, § 173, 1940 Code of Alabama (Recomp. 1958):

"We are of opinion that reading the last clause of § 173 to the jury does that which the rule of *Henderson* forbids, to· wit, tells the jury that the burden of proof is on the defendant railroad to acquit itself of negligence. In so doing, the last clause of § 173, as we understand it, is an incorrect statement of the law because the law is that the burden of proof is not on the defendant railroad to acquit itself of negligence, the burden on the railroad, after plaintiff makes out a prima facie case, being merely 'to rebut or overcome said prima facie case by introducing evidence sufficient to dispute or overcome the said prima facie case of the plaintiff.' Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 558, 133 So. 294, 295." (281 Ala. at page 322, 202 So.2d at page 165)

This court is in agreement with the legal principles cited by appellant, however, as applied to the case at bar we feel appellee· did present a prima facie case and that the burden of proof was shifted to appellant to· overcome appellee's case.

■ The question of whether the engineer was negligent in his operation of the· train, and thereby causing the death of the· cattle, was a question for the jury. In the· case of Louisville and Nashville R. Co. v.

Yates, 38 Ala.App. 183, 81 So.2d 620, a case similar to ours, Judge Price said:

"The evidence presented a jury question as to whether the operators of the train were guilty of negligence under these applicable principles of law, therefore, the general affirmative charge was properly refused to defendant. After allowing all reasonable presumption in favor of the correctness of the trial court's ruling on the motion for a new trial, we conclude there was no error in overruling the motion on the grounds that the verdict of the jury was contrary to the evidence, contrary to the law and was not sustained by the great preponderance of the evidence." (38 Ala.App. at page 186, 81 So.2d at page 622)

In Louisville and Nashville R. Co. v. Posey, 96 Ala. 262, 11 So. 423, the following principle is stated:

"The duty to take precaution against inflicting injuries arises not only when the engineer of a moving train sees an animal on the track, or in dangerous proximity thereto, but also when by the exercise of due diligence he might have seen it. A failure in either of these respects is negligence. * * *" (96 Ala. at page 263, 11 So. at page 424)

See also Owen v. Southern R. Co., 222 Ala. 499, 133 So. 33, and Alabama Great Southern R. Co. v. Smelley, 237 Ala. 471, 187 So. 630.

Appellant contends that the cattle either came onto the track or into view too late for the engineer to stop the train and prevent hitting them. In support, appellant cites Mobile and G. R. Co. v. Caldwell, 83 Ala. 196, 3 So. 445, in which case testimony showed that the object on the track did not come into view until the train was one hundred yards from it. In this respect we think the cases dissimilar because in the case at bar the engineer testified that he observed the cattle about one quarter of a mile or about four hundred forty yards away, over four times the distance. In ad-

dition, the engineer testified that when he saw the cattle, about one quarter of a mile away, he was going forty-five to fifty miles per hour and when the train hit the cattle its speed was close to forty-five miles per hour. According to the testimony, it is the opinion of this court that there was sufficient evidence upon which the jury based its verdict.

█ The defendant is due the general affirmative charge when uncontradicted evidence of its not being negligent is presented. Carr v. Alabama Great Southern R. Co., 43 Ala.App. 51, 179 So.2d 328, and Louisville and Nashville R. Co. v. Yates, supra. Had this been the situation in the case at bar defendant would have been entitled to the affirmative charge.

Charges 2, 14 and 15, requested by defendant and refused, are in many respects similar to those charges requested in Louisville and Nashville R. Co. v. Yates, supra, in which case Judge Price said:

"These charges stated abstract propositions of law without instructing the jury their effect upon the issues in the case on trial, and their refusal was without error. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388, 391." (38 Ala.App. at page 186, 81 So.2d at page 622)

The *Yates* case, supra, and our case are alike in that both engineers contended that the cattle suddenly appeared and there was insufficent time in which to stop the train.

The evidence in our case, however, is to the contrary, and explicitly shows that the train traveled approximately three fourths of a mile over straight unobstructed track and that the engineer did not see the cattle until the train was one fourth of a mile or less away from them. Additionally, the evidence reveals that within this one fourth of a mile the speed of the train never appreciably declined; that when the cattle were first seen its speed was forty-five to fifty miles per hour and when the cattle were hit its speed was still close to forty-five miles per hour.

From the fact that the engineer was 3390 feet from the cattle when he first rounded the curve the jury might reasonably have inferred that the engineer was not continuously on the lookout. That, together with the unexplained contradictions in the testimony of the engineer as to the speed of the train when he first saw the cattle as against its speed when the cattle were hit, may certainly have raised a doubt in the mind of the jury that the engineer did all that he was required to do under the circumstances. Therefore, we hold that the question of negligence on the part of the railroad was one for the jury. We further hold that appellant's refused charges were either abstract or adequately covered by the oral charge of the trial court and that the judgment should be affirmed.

Affirmed.